Judgment affirmed in Cannon case and reversed in the others.

139　51
£155　659

In the Matter of the Estate of JOHN CALLAHAN, Deceased.

An order of a surrogate directing an executor to make and file an account is not a final order within the meaning of the Code of Civil Procedure (§ 190, sub. 3), and so is not reviewable here.

Where a surrogate made an order requiring an executrix to account, and upon motion for an attachment and for a revocation of her letters of administration, because of failure to comply with the order, the surrogate filed a written memorandum, requiring that the account be filed within five days, and in case of default that an attachment issue, *held*, that the memorandum had none of the qualities of an order, and was not appealable.

Reported below, 66 Hun, 118.

(Argued June 5, 1893; decided October 3, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 29, 1892, which affirmed an order of the surrogate of the city and county of New York directing the appellant, as executrix of John Callahan, deceased, to make and file an account, and dismissed an appeal from a subsequent decision of said surrogate, directing that said executrix must file an account or a warrant of attachment should issue.

The facts, so far as material, are stated in the opinion.

*Thos. J. McKee* for appellant. More than six months having expired since the rejection and contest or dispute of the petitioner's claim, the same is barred by the statute and no proceeding or remedy can be maintained to enforce the same. (Code Civ. Pro. § 1822; *Tucker* v. *Tucker*, 4 Keyes, 151; *Cornes* v. *Wilkin*, 79 N. Y. 129.) The petitioner is estopped from bringing this proceeding — the adverse judgment in her action against Richard V. Hartnett & Co. to

recover the money deposited with them on the auction sale to him of the premises makes the claim herein *res adjudicata.* (*Pray* v. *Hegeman*, 56 N. Y. 381.) A judgment upon the merits having been rendered adverse to the petitioner herein upon the same subject-matter, she is not a creditor of the estate of the deceased. (*Minturn* v. *Main*, 7 N. Y. 220 ; *McComb* v. *Wright*, 4 Johns. Ch. 659 ; *Cockcroft* v. *Muller*, 71 N. Y. 367 ; *Pray* v. *Hegeman*, 98 id. 351.) The claimant had her right of election and exercised it, and she certainly must be confined to the remedy she adopted. (*Morris* v. *Rexford*, 18 N. Y. 556 ; *Oatman* v. *Taylor*, 29 id. 629.) The appellant herein has accounted sufficiently in this proceeding by and under the order of the surrogate. (*Tucker* v. *Tucker*, 4 Keyes, 136 ; *Riggs* v. *Cragg*, 89 N. Y. 490, 491 ; *Hurlbut* v. *Durant*, 88 id. 125 ; *Fiester* v. *Shepard*, 92 id. 251 ; *In re Wagner*, 22 N. Y. S. R. 210.)

*W. W. Niles, Jr.*, for respondents. Creditors of a decedent have an unquestioned right to institute proceedings for the establishment of their claims in Surrogates' Courts. (Code Civ. Pro. §§ 2724, 2726, 2727 ; *Thomson* v. *Thomson*, 1 Bradf. 24 ; Williams on Ex. 837 ; *Wever* v. *Marvin*, 14 Barb. 376 ; *Underhill* v. *Newberger*, 4 Redf. 499 ; *In re Williams*, 3 Law Bull. 96.)

MAYNARD, J. We can find no authority for this appeal. The order, which the appellant seeks to review, was made in a special proceeding before the surrogate of New York and is not final. The respondent claimed to be a creditor of the appellant's testator, and filed a petition for the judicial settlement of the accounts of the appellant as executrix and that she be cited to show cause why she should not render and settle her account, and setting forth all the facts essential to confer jurisdiction upon the surrogate to issue the citation. Upon the return day the appellant appeared and filed a verified answer to the petition, alleging facts, which, if true, very clearly established that the respondent was not a

creditor of the estate and not entitled to institute the pro-
ceeding, and that his demand had been duly rejected upon
presentation, and that the six months Statute of Limitations
had intervened to bar an action upon the claim. The
respondent then filed the affidavit of herself and her
attorneys by way of reply, showing that no notice of the
rejection of the claim had been served upon her or them.
The surrogate thereupon made an order requiring the
appellant at a future day to appear in his court and make
and file an account of her proceedings as executrix
and attend before him from time to time as might be
necessary for that purpose. It is from that order that
the present appeal has been taken. The record further
shows that the appellant neglected to obey the order of
the surrogate and did not appear at the time named and
render an account, and the respondent applied, upon an affi-
davit setting forth the default, for an order requiring the
appellant to show cause why a warrant of attachment should
not issue against her and her letters be revoked, which was
granted. Upon the return of that order the appellant
appeared and filed an affidavit, substantially reiterating the
claim made in her answer to the first petition, that the
respondent had no valid debt against the estate, and also
alleging that a copy of the order requiring her to account had
not been served upon her and she could not, therefore, be
regarded as in default. The surrogate overruled this objec-
tion and, in a written memorandum filed, held that the
statute did not require service of the order and that the
account must be filed within five days thereafter, or a warrant
of attachment would issue. This memorandum had none of
the qualities of an order, but was in effect simply a continu-
ance of the proceeding until the day named as a favor to the
executrix and to enable her to comply, if she so elected, with
the provisions of the original order. The appellant has
treated this memorandum as in itself an order, and in her
notice of appeal has appealed therefrom as well as from the
original order for an accounting.

The General Term very properly dismissed that part of her appeal, and it remains to be considered whether the order of the General Term, affirming the order for an accounting, is appealable here. It is very plain that this is not a final order within the purview of sub. 3 of section 190, but simply the initial step in a special proceeding in the Surrogate's Court. The point of the appellant's contention, if we correctly apprehend it, is that the surrogate had no jurisdiction to make the order requiring her to account upon the petition of the respondent; that when it appeared by her sworn answer that the respondent had no valid claim and was not a creditor of the estate, as that term is used in the statutes relating to proceedings in Surrogate's Court, the surrogate could not lawfully proceed further in the matter, but was bound to dismiss the proceedings, or at least to suspend action therein until the respondent had established her status as a creditor in another tribunal. It might be argued that as the question is one of jurisdiction it would be a more orderly procedure to have it first finally determined, otherwise the appellant might be compelled to render an account which the surrogate had no authority to require, and while the question might be raised upon an appeal from the decree, it would be too late to afford the appellant an adequate remedy. But if she is right in her position that the surrogate is devoid of jurisdiction, she may decline to render the account, and permit an order to be entered directing a warrant of attachment to be issued and her letters revoked, which would be such a final adjudication in the proceeding as to be appealable here. This she seems to have started out to do, but for some reason did not wait until final action had been taken, but brought the present appeal, which, we think, is ineffectual for the purposes of review in this court.

The appeal must, therefore, be dismissed, with costs.

All concur, except FINCH and PECKHAM, JJ., not voting.

Appeal dismissed.