Order affirmed, without costs and without prejudice to the right to renew motion.

---

In the Matter of the Judicial Settlement of the Account of WILLIAM MUELLER and CATHARINE COOPS, as Administrators, etc., of HENRY DOHRMANN, Deceased.

CATHARINE COOPS, Appellant; WILLIAM MUELLER, as Administrator, etc., of HENRY DOHRMANN, Deceased, and Others, Respondents.

*A savings bank deposit in trust, not intended to give the cestui que trust an interest therein, remains the property of the depositor.*

Whenever a deposit is made in a savings bank by a person in his own name, in trust for another, and there are no circumstances rebutting such presumption, it will be conclusively presumed that the depositor has divested himself of the legal and beneficial title to the fund, and has vested himself with the legal title as trustee for the person named as *cestui que trust;* but when the depositor does not make the deposit in trust with the intention of giving to the person named as *cestui que trust* any beneficial interest in the fund, but for his own benefit, he does not divest himself of his legal title to the deposit, but continues to be its beneficial owner, notwithstanding the form of the deposit.

APPEAL by Catharine Coops from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 21st day of September, 1896, confirming the report of a referee and settling the accounts of the administrators of the estate of Henry Dohrmann, deceased.

*Howard C. Conrady*, for the appellant.

*William C. Courtney* and *Joseph G. Mathews* (special guardian), for the respondents.

GOODRICH, P. J.:

Henry Dohrmann died in Brooklyn May 20, 1894, intestate, leaving him surviving his widow, Katie Dohrmann (now Coops) and three infant children, Henry, Marie and Rudolph. The first two

were children by his first wife and the last by his wife Katie. At the time of his death he had two accounts in the Brooklyn Savings Bank, one in his own name for $2,447.17, and the other, "Henry Dohrmann in trust for Katie Dohrmann," amounting to $1,265. On June 4, 1894, letters of administration were issued to William Mueller and Mrs. Dohrmann.

On May 13, 1896, the accounts of the administrators were judicially settled by the surrogate. Included in this accounting as a part of the estate funds was the item of $1,265 resulting from what is called the trust account. An affidavit of Mrs. Coops accompanies the proceedings, in which she states that the accounts are correct.

Mrs. Dohrmann married her present husband April 18, 1895.

In June Mrs. Coops applied to the surrogate for an order vacating his decree, claiming that the item of $1,265 was not an asset of the estate, but was her individual property. The surrogate ordered a reference to decide this question of fact. The referee reported that the fund belonged to the estate, and the surrogate confirmed the report. From this order the present appeal is taken.

Upon the reference Mrs. Coops and Mr. Louis were examined for the purpose of showing that the trust fund belonged to the former and was put into the bank in trust for her by her husband with the intention that it should belong to her. To contradict this testimony Mr. Courtney, counsel for the administrator, the administrator Mueller and his wife were examined. The evidence offered by Mrs. Coops tended to show that the money deposited in the account was given to her by her husband, and that she did not know that it was to be included in and considered a part of the funds of the estate, while the testimony in opposition showed her clear admission made against her own interest, that the money was deposited for the purpose of having two accounts upon both of which interest could be drawn, a method which, as we understand, had reference to the practice of savings banks not to allow interest upon large accounts.

Mr. Courtney testified that when he was drawing the papers to obtain letters of administration he was told by Mrs. Dohrmann that the money belonged to the estate and was to be treated in the same manner as the other funds of the estate, and was to be divided among the widow and children. This is corroborated by the other two witnesses upon the reference. The referee was fully justified

in finding as a matter of fact that the money belonged to the estate of the decedent.

There is no question that, by the law of this State, whenever a deposit is made in a savings bank by a person in his own name in trust for another, and there are no circumstances rebutting the presumption, it will be conclusively presumed that the depositor has divested himself of the legal and beneficial title to the fund, and has vested himself with the legal title as trustee for the person named as *cestui que trust.* (*Martin* v. *Funk*, 75 N. Y. 134; *Boone* v. *Citizens' Savings Bank*, 84 id. 83; *Willis* v. *Smyth*, 91 id. 297; *Mabie* v. *Bailey*, 95 id. 206; *Fowler* v. *Bowery Savings Bank*, 113 id. 450, 453; *Beaver* v. *Beaver*, 117 id. 421, 423.)

But it is clearly established that, when the depositor does not make the deposit in trust with the intention of giving to the person named as *cestui que trust* any beneficial interest in the fund, but for his own benefit, he does not divest himself of his legal title to the deposit, but continues to be the beneficial owner thereof, notwithstanding the form of the deposit. (*Cunningham* v. *Davenport*, 147 N. Y. 43; *Weber* v. *Weber*, 58 How. Pr. 255; *Mabie* v. *Bailey*, 95 N. Y. 210.)

Under these circumstances, we see no reason for differing from the opinion of the referee.

The order of the surrogate is affirmed, with costs.

All concurred.

Order of the surrogate affirmed, with costs.