(25 Misc. Rep. 261.)

## In re BRADLEY et al.

(Surrogate's Court, Washington County.   November 21, 1898.)

1. ADMINISTRATORS—REVIVAL OF CLAIM AGAINST ESTATE.

An administrator cannot revive a claim barred by the statute of limitations.

2. SAME—PAYMENT ON NOTE—LIMITATIONS.

A payment by an administrator on a note past due, if made before the statute of limitations has run on the note, saves the obligation from the operation of the statute.

3. SAME.

Where there are two administrators, the act of one will bind the estate, even though his co-administrator does not concur therein.

4. SAME—ACCOUNTING ON SUIT OF CREDITOR.

Payment of interest on a note by an administrator will not operate to extend the time within which a creditor can compel the administrator to account, where the creditor has not been under any disability, or has not acted in ignorance of his rights, or been misled or remained inactive by reason of such payments, or of any promises or representations of the administrator.

5. SAME—LACHES.

Where more than seven years have elapsed between the granting of letters and filing the petition for an accounting, it will be denied as to the personal estate.

6. SAME—SALE TO PAY DEBTS—ACCOUNTING.

Proceedings for the sale of real estate for the payment of decedent's debts were prosecuted to the entry of a decree confirming the sale and directing conveyances. The proceeds were not paid into court for distribution, according to the provisions of Code Civ. Proc. § 2786 .et seq. *Held*, that under Code Civ. Proc. § 2726, subd. 3, which provides for a judicial accounting where a decree for the distribution of real estate has been made and the property has been disposed of pursuant to it, the administrator could be compelled to account for the proceeds of the sale under the decree.

7. RES JUDICATA.

A decree in a surrogate court adjudicating a claim against an estate is final until reversed, set aside, or vacated.

8. CLAIM AGAINST ESTATE—ENFORCEMENT.

Where a decree establishing the rights of a petitioner against an estate was duly entered, the fact that it did not direct payment of money did not prevent its enforcement six years after entry, if the court should so adjudge on consideration of all the facts.

Petition by Amos L. Sargent for a compulsory accounting by Margaret H. Bradley and Robert Armstrong, Jr., as administrators of the goods, etc., of George Bradley, deceased. An order denying an accounting of the personal property, but directing an accounting of moneys received from the sale of real estate under a prior decree, was entered.

C. R. Paris and C. H. Sturgis, for petitioner.

Potter & Kellogg, for administratrix Bradley.

INGALSBE, S.  This proceeding is instituted to compel the administrators of George Bradley, deceased, to render an account of their proceedings as such administrators, including an account of the disposition of moneys received from the proceeds of certain real estate sold by them, under a decree of this court, for the payment of

the debts of their intestate. The proceeding is thus twofold in its purpose. It is commenced, under subdivisions 1 and 3 of section 2726 of the Code of Civil Procedure, to compel an accounting, not only of the personal property of the decedent, but also of the proceeds of the sale of the real estate.

George Bradley died November 5, 1887. On November 15, 1887, letters of administration upon his estate were issued to Margaret H. Bradley and Robert Armstrong, Jr. These administrators, on November 12, 1890, petitioned for the sale of the decedent's real estate for the payment of his debts. A citation was issued directed to various creditors of the decedent, and among them the petitioner herein, Amos L. Sargent. This citation was duly served on Sargent, and in a decree in that proceeding afterwards made, which is neither dated nor filed, the claim of Sargent is allowed at $821.35. Such proceedings were had in the matter that on March 31, 1893, a decree was entered confirming the sales therein and directing the execution of conveyances. It does not appear that any further proceedings have been had in the real-estate matter. On June 26, 1893, these administrators filed a petition for a judicial settlement of their account. In this petition Sargent's name did not appear. He did not intervene, and was not a party to the proceeding. A decree entered in that proceeding on May 24, 1894, directed that Sargent be paid the sum of $114.53, adjudged due him in the accounting. The claim of the petitioner herein is based on a note executed by Bradley & Underwood for $2,894.51, dated October 7, 1883, payable six months after date. George Bradley was a member of the firm of Bradley & Underwood, and died subsequent to his partner, Underwood. Various payments of interest and principal have been made, thus largely reducing the amount. Interest has been paid on the note to October 1, 1897. These payments were made by Bradley himself, by the bookkeeper of Bradley & Underwood, and latterly by the administrator Armstrong. It appears, and is uncontradicted, that the petitioner, before any payments were made by Armstrong, demanded payment of the administrator Bradley, and she referred him to her co-administrator, Armstrong, and that subsequently the latter made the various payments of interest.

It is claimed by the administrator Bradley that the payments made by the administrator Armstrong did not prevent the running of the statute of limitations, and that the note is outlawed. On the other hand, it is claimed by the petitioner that these payments have prevented the running of the statute against his right to compel a judicial settlement of the administrators' accounts. Both of these positions seem to be erroneous.

An executor or administrator cannot revive a claim barred by the statute of limitations. A claim, however, can be kept outside the provisions of this statute by a payment made thereon by him. A payment by one administrator with the consent of the other upon a promissory note past due, if made before the statute of limitations has run on the note, was decided in Heath v. Grenell, 61 Barb. 190, to save the obligation from the operation of the statute. This was when the payment was the act of one administrator without the consent of the other, while, in the present case, it can be reasonably inferred that

the payments were the acts of both administrators. The act of one administrator will, however, bind the estate, even if the co-administrator does not concur.

It is now well settled that a proceeding to compel an administrator to account must be commenced within six years after the right to acquire it has accrued. This right accrues in one year, or, as held in some cases, in one year and six months, from the granting of letters. This general rule is now well established, but it is often sought to take cases out of its operation through some act of the executor or administrator. In the case at bar it is claimed that the payment of interest on the note by the administrator will operate to extend the time within which a creditor can compel the administrators to account. This proposition does not seem to be correct. It is not shown that the petitioner has been under any disability, or has acted in ignorance of his rights, or that he has been misled, or that he has remained inactive by reason of those payments, or of any promises, statements, or representations, made by the administrator. In re Miller's Estate, 15 Misc. Rep. 556, 37 N. Y. Supp. 1129. More than seven years, and more than seven years and six months, having elapsed between the granting of letters of administration and the filing of the petition herein, we do not think that the petitioner can compel an accounting, as to the personal property of the estate, though he has rights, under the decree heretofore entered, in the judicial settlement of the administrators' accounts, which he can enforce through a proper proceeding.

We now come to the consideration of the question whether, in this proceeding, the administrators can be compelled to account for the proceeds of the real estate sold under the decree of this court for the payment of debts. The petitioner bases his right upon subdivision 3 of section 2726 of the Code of Civil Procedure. It is claimed by the administrator that a proceeding for an accounting and judicial settlement can be had only as to the personal property; that moneys received from the sale of real estate are not a matter of accounting by administrators; and that subdivision 3 only relates to a case where real estate has been sold, and one year has not elapsed since the issuance of letters, thus merely defining an additional case where a judicial settlement may be ordered, and that subdivision 1 establishes the general rule, while subdivisions 2, 3, and 4 merely provide for special cases, where an earlier accounting than is provided for in subdivision 1 can be ordered.

The procedure for the sale of real estate is regulated by section 2786 et seq. of the Code. These sections provide for the payment of the proceeds of the sale into court, and their distribution by the court. This is the orderly manner of procedure, but in this case the moneys have not been so paid. The proceeding was prosecuted to the entry of a decree confirming the sales of the real estate, and directing conveyances, and there dropped. The administrators, upon the delivery of these conveyances and the receipt of moneys, became immediately responsible to the court for the moneys so received, and, on their failure to proceed further in the regular way, can be compelled to account therefor under subdivision 3 of section 2726. A careful reading of the section itself will not support the contention of the administrator,

for, in the fourth subdivision, it expressly provides that the surrogate's court may "compel a judicial settlement of the accounts of a freeholder, appointed to dispose of the decedent's real property,   *   *   *   in like manner as when the same has been disposed of by the executor or administrator." A freeholder appointed to sell real estate under the provisions of the statute can have in his hands no estate moneys, except such as may have been received by him from the sale of real estate. It thus appears, plainly, that the section confers authority to compel executors, and administrators, also, to account for moneys received from that source.

The administrator further claims that, even if this court has power to compel an accounting, as to moneys received from the real estate, the claim of this petitioner is barred by the statute of limitations. This question has already been given attention. A careful consideration of the real-estate proceeding alone, however, shows that this contention is not well founded. In the proceeding for the sale of the real estate, all the parties here were parties. In the decree entered in that matter the claim of the petitioner was adjudicated as a valid and subsisting indebtedness against the estate of George Bradley. That decision is final until reversed, set aside, or vacated. The rule of res judicata applies to judicial determinations in special proceedings as well as in actions. The proceeding in which that adjudication was had has not been closed. There has been no distribution. The proceeds of the sales have not been brought into court. Within six years sales of the real estate aggregating over $19,000 have been reported to the court by the administrators, and they have been directed by a decree which is still in force, and not appealed from, to execute proper conveyances for this real estate, and receive the purchase moneys therefor. Moreover, no mere lapse of time after an action has been commenced will bar it, under the statute. The decree establishing the claim of the petitioner was probably entered more than six years prior to the commencement of this proceeding, but this does not change the situation. This decree did not direct the payment of moneys, but adjudicates certain amounts to be due. Decrees of courts of equity of this kind do not expire by reason of the lapse of any number of years, and the question of their enforcement after a long interval of time is for the court to determine, after a consideration of all the facts.

An order should be entered herein denying the right of the petitioner to compel the administrators to account for their proceedings as to the personal property of their intestate, and directing them to account for the moneys received by them from the real estate disposed of under the decree, hereinbefore entered in this court, for the sale of the decedent's real estate for the payment of his debts.   .