In the Matter of the Application of CHARLES RIES and ANNA M. H. HUEG, Appellants, as Creditors of CATHERINE A. C. G. REHFELDT, for the Sale, Mortgage or Lease of the Real Property of said CATHERINE A. C. G. REHFELDT, Deceased, for the Payment of Debts.

JACOB J. KAPPES and Others, Respondents.

Second Department, March 14, 1919.

Executors and administrators — petition by creditors to compel administratrix with will annexed to account for undisclosed and undiscovered assets — effect of prior order denying an accounting — failure to appeal from prior order — when subsequent petition deemed germane to original petition — sale of realty by administratrix — presumption of receipt of consideration.

A petition by creditors under the Code of Civil Procedure, prior to its amendment by chapter 443 of the Laws of 1914, to compel an administratrix with the will annexed to account was denied after she had testified that she had no personalty in her possession, but the order of denial permitted the creditors to amend their petition by bringing in new parties, by correct on of names, and by asking that said administratrix should lease, mortgage or sell the realty; and after the reversal of an order of the surrogate denying relief under the amended petition, said creditors made an application for an accounting of undisclosed and undiscovered assets by said administratrix.

*Held*, that an order of the surrogate denying an account should be reversed. If the application made out a plain case of previously undisclosed and

undiscovered assets, the surrogate should have directed an accounting as to such assets in the absence of a showing of good cause to the contrary.

Allegations by the administratrix upon the prior application were sufficient to indicate a sale of realty by her in her official capacity.

If there was such a sale a presumption arose of the receipt of consideration therefor by her.

The creditors were not precluded by the fact that they did not appeal from the prior order denying an accounting, as the present application relates to previously undisclosed and undiscovered assets which were not within the purview of the prior order, and further because the present application is entirely germane to the original proceeding and must be regarded as of it.

A decree in an accounting is not conclusive as to undisclosed and undiscovered assets in favor of an administratrix with the will annexed.

APPEAL by the petitioners, Charles Ries and another, from an order of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 31st day of August, 1918.

*Thornton Earle,* for the appellants.

*Louis J. Halbert* [*John Kapp* with him on the brief], for the respondents.

JENKS, P. J.:

This is an appeal from an order of the Surrogate's Court that denies an accounting for undisclosed and undiscovered assets by the administratrix c. t. a. of Rehfeldt, deceased. The proceeding was begun in 1914 by creditors of Rehfeldt, and, therefore, the new Surrogates' Practice Act does not apply. (*Matter of Ries,* 182 App. Div. 296, and cases cited.) The creditors sought first an accounting, which was denied after the administratrix had testified that she had paid out all of the personalty for debts and funeral expenses and had no personalty in her hands. In the order of denial the creditors were permitted to amend their petition by bringing in new parties, by correction of names, and by amendment praying that the administratrix c. t. a. should lease, mortgage or sell the realty. After answers, objections and demurrers were filed, the creditors were denied relief. We reversed the order or decree and remitted the matter to the surrogate. (*Matter of Ries, supra.*) In our

opinion we said that the questions raised relate to jurisdiction, for plainly the merits were not considered. Thereupon the said creditors made the application now under review.

If the application made out a plain case of previously undisclosed and undiscovered assets, then I think that the surrogate should have directed an accounting as to such assets in the absence of a showing of good cause to the contrary. (Code Civ. Proc. [1913] § 2727;* *Matter of Callahan,* 66 Hun, 118, 121; 139 N. Y. 51; *Matter of Hood,* 90 id. 512; *Matter of Soutter,* 105 id. 514; Jessup Redf. Surr. Pr. 1500, and cases cited.)

The present application does not rest solely upon the statement in the points on behalf of the administratrix, c. t. a. submitted upon the said prior appeal, for that statement refers specifically to the answer made upon the said prior application by Mueller, who is the said administratrix c. t. a., and the allegation referred to was evidence against her. (*Cook v. Barr,* 44 N. Y. 156.) This allegation, in my opinion, was sufficient to indicate a sale of the realty by her as the said administratrix c. t. a. If there was such a sale, there arose the presumption of the receipt of consideration therefor by her. If it be said that the creditors did not act betimes, the answer is that this is the same proceeding, and that the said answer was made by Mueller both in her representative capacity and as an individual, and that the ambiguity which arose from that duality was only removed by the said statement in the points of her counsel.

The sole point made by the learned counsel for the respondent is that the creditors were precluded in that they did not appeal from the former order that denied the accounting. The answer is that this application relates to previously undisclosed and undiscovered assets, and that, therefore, such assets were not within the purview of the order; not even a decree in an accounting would have been conclusive as to such assets in favor of the administratrix c. t. a. (*Joseph v. Herzig,* 198 N. Y. 456, 461; *President, etc., of Bank of Poughkeepsie v. Hasbrouck,* 6 id. 216, 221.)

The record fails to show that the administratrix c. t. a.

* Amd. by Laws of 1911, chap. 432.— [REP.

did aught but stand mute with respect to the present application. I think that the application now under review was entirely germane to the proceeding begun in 1914, and must be regarded as of it. (*Matter of Bradley*, 25 Misc. Rep. 261; affd., *sub nom. Matter of Sargent*, 42 App. Div. 301.)

I think that the account should have been ordered, and that, therefore, the order should be reversed, with ten dollars costs and disbursements, and the matter should be remitted to the Surrogate's Court with directions to proceed in accord with our determination.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order of the Surrogate's Court of Queens county reversed, with ten dollars costs and disbursements, and matter remitted to said court, with directions to proceed in accord with this court's determination.