284

WILLIAM PARKER, as Guardian of the Persons and Property of BERTRAM B. PARKER, and Another, Appellant-Respondent, *v.* J. RUSSELL ROGERSON, Individually and as Executor of GERALDINE G. BELLINGER, Deceased, Respondent-Appellant. MANUFACTURERS HANOVER TRUST COMPANY, Individually and as Executor of GERALDINE G. BELLINGER, Deceased, Appellant-Respondent; THE PHELPS CAN CO., Respondent, and MARINE MIDLAND CHAUTAUQUA NATIONAL BANK (formerly CHAUTAUQUA NATIONAL BANK OF JAMESTOWN), Respondent-Appellant. (Action No. 1.)

GEBBIE FOUNDATION, INC., Appellant-Respondent, *v.* J. RUSSELL ROGERSON, Individually and as Executor of GERALDINE G. BELLINGER, Deceased, and as Executor of MARION B. GEBBIE, Deceased, Respondent-Appellant, and MANUFACTURERS HANOVER TRUST COMPANY, as Executor of GERALDINE G. BELLINGER, Deceased, Respondent-Appellant. (Action No. 2.)

In the Matter of the Intermediate Account of J. RUSSELL ROGERSON, as Coexecutor of GERALDINE G. BELLINGER, Deceased. (Action No. 3.)

Fourth Department, January 15, 1970.

286

*Elias, Schewel & Schwartz* (*Marvin L. Schwartz* of counsel), for William Parker.

*Raichle, Banning, Weiss & Halpern* (*Frank G. Raichle* of counsel), for Phelps Can Co. and another.

*Kelley, Drye, Newhall, Maginnes & Warren* (*Francis S. Bensel* of counsel), for Manufacturers Hanover Trust Co.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Robert M. Hitchcock* of counsel), for Marine Midland Chautauqua National Bank.

*Raichle, Banning, Weiss & Halpern* (*Ralph L. Halpern* of counsel), for J. Russell Rogerson.

*Nixon, Hargrave, Devans & Doyle* (*William H. Morris* of counsel), for Gebbie Foundation, Inc.

*Louis J. Lefkowitz, Attorney-General* (*Gustave Harrow* and *Samuel A. Hirshowitz* of counsel), for State of New York.

*Charles H. Price,* guardian ad litem.

GABRIELLI, J. In 1929 the father of Marion Gebbie and Geraldine G. Bellinger died owning 250 of the 500 outstanding shares of stock in the Phelps Can Co. (Phelps). The remaining 250 shares were owned by the Phelps family. Mr. Bellinger bequeathed 125 shares to each daughter. Marion Gebbie died in 1949, leaving her 125 shares in trust for the benefit of her sister with the remainder to the Gebbie Foundation, Inc. Rogerson, who was named executor and trustee under the will, at that time was also attorney for Mrs. Bellinger, a director of Phelps, and president of the Gebbie Foundation.

In 1960 the Phelps family disposed of its 250 shares by selling one third thereof each to the company itself, Mrs. Bellinger and Rogerson, thus leaving 417 shares outstanding. Before her death in 1963, Mrs. Bellinger had conveyed to Rogerson 83 shares so acquired. Rogerson and Manufacturers Hanover Trust Company (Manufacturers) were named coexecutors and trustees under Mrs. Bellinger's will which left two thirds of her residuary estate in trust for the benefit of her grandchildren (plaintiffs in Action No. 1), and one third to the Gebbie Foundation.

In 1963 in order to raise money to pay estate taxes, Rogerson and Manufacturers agreed to sell the Phelps shares held by the Bellinger estate to the company, purportedly for later resale to the executives of Phelps.

The sale price per share was $1,800, although the executors had shortly before the sale engaged a professional appraisal company which determined the sale value to be in excess of $2,400 per share for majority interest shares and $2,000 per share for minority interest shares. The net worth of the company was appraised at $4,040.84 per share.

At the shareholders meeting which approved this purchase, Rogerson voted all the outstanding shares of the company either in his individual or representative capacity. Four days later, he purchased the Phelps shares owned by the Gebbie estate although he was sole executor and trustee of that estate. At this point in time, therefore, Rogerson or members of his family

owned all the outstanding shares. Shortly thereafter, Phelps was liquidated at a per share value substantially in excess of both the previous sales.

It is against this background that the main action was commenced and the various cross claims were interposed.

### ACTION NO. 1

Parker, as guardian of the persons and as coguardian of the property of the infant beneficiaries of the trust created under the will of Geraldine Bellinger, commenced an action in Supreme Court, Erie County, against Rogerson, Manufacturers, Phelps and Marine Midland Chautauqua National Bank (Marine), the other coguardian of the property of the infant beneficiaries, seeking an accounting by Rogerson, Phelps and Manufacturers for the alleged self-dealing in Phelps stock by Rogerson. Manufacturers cross-claimed against Rogerson and Phelps, also seeking an accounting and alleging that any self-dealing occurred without its knowledge or acquiescence. Motions for summary judgment were made by Parker, Manufacturers and Marine. Rogerson opposed all the motions on the ground that facts essential to his defense were within the exclusive possession and knowledge of the moving parties. These motions were denied and the moving parties in each case have appealed to this court.

Rogerson also moved to transfer this action to Surrogate's Court, Chautauqua County but this motion was denied by Special Term (MAHONEY, J.).

Although Rogerson appealed from this order, he subsequently moved in this court to withdraw his appeal because the relief sought had been granted by the later order of Special Term (KING, J.). The motion to withdraw the appeal is denied and the order appealed from is affirmed on the basis of our discussion of the proper place of trial under Action No. 2, *infra.*

The foundation and basis for plaintiff's action rest on the well-established rule that (regardless of fairness or motive), a fiduciary may not personally profit from dealing with trust assets (*Meinhard* v. *Salmon,* 249 N. Y. 458); a rule created, jealously nurtured and enforced in order to insure undivided loyalty by a fiduciary to the beneficiary. As stated by Chief Judge CARDOZO in *Meinhard* (*supra,* p. 464): "Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place." The breach of a fiduciary's duty will be strictly condemned without regard to whether the beneficiary had suffered damage (*Diamond* v. *Oreamuno,* 24 N Y 2d 494; *Matter of*

*People* [*Bond & Mtge. Guar. Co.*], 303 N. Y. 423, 431). Rogerson claims that the infant beneficiaries consented, via their guardian, to the sale of the Phelps stock to the company but this contention finds no support in the record. The exhibits submitted on the motion for summary judgment clearly indicate that this consent, if given, was induced by representations that Rogerson would in no way acquire any interest in the shares. If, as Rogerson argues, the purchase of the shares by Phelps executives became impossible, the fiduciary had a *minimal* duty to inform the beneficiaries or offer to arrange for the return of the stock to the estate, and not convert a failure of the executive stock plan to his own personal profit. The retirement of approximately 30% of the outstanding shares not only substantially increased Rogerson's equity in the corporation, but also gave him a majority of the remaining shares and, therefore, control of the corporation. Certainly the actions of the fiduciary should have been subjected to judicial scrutiny where he had so many conflicting interests (cf. *Matter of Scarborough Props. Corp.*, 25 N Y 2d 553 [decided Dec. 11, 1969]). There is nothing in the record to indicate that the movants possess facts unavailable to Rogerson.

The movants have not shown that Manufacturers consented to or actually knew of Rogerson's self-dealing. Before Manufacturers may be held liable for any loss sustained, one of those two elements must be established (*Matter of Horowitz*, 297 N. Y. 252). Likewise, the question of Manufacturers' negligence in failing to prevent a breach of trust or in improperly delegating its responsibilities cannot be determined without a trial. An immediate trial of this issue should be held and, after the determination of Manufacturers' liability, if any, in its individual capacity, proof should be taken in the accounting directed by our grant of motions for summary judgment herein being ordered.

With respect to the cross claim interposed by Manufacturers in its representative capacity against Rogerson and Phelps, Rogerson has conceded that the interested parties (including Manufacturers) were never informed that he was to purchase the stock and, of course, to profit personally from the purchase through his ownership of the remaining outstanding shares. Manufacturers in its representative capacity is entitled to summary judgment on its cross claim against Rogerson and Phelps.

That part of the order denying summary judgment to Parker and Marine against Rogerson and Phelps should be reversed and summary judgment granted. So much of the order denying summary judgment to Parker and Marine against Manufac-

turers should be modified to provide an immediate trial of the issues raised by the moving papers; and so much of the order denying summary judgment to Manufacturers on its cross claim should be reversed and summary judgment should be granted against Rogerson and Phelps.

### ACTION NO. 2

The Gebbie Foundation, Inc., a residuary legatee under both wills, commenced an action in Supreme Court, Erie County against Rogerson, Manufacturers, Phelps, and certain members of Rogerson's family who had received shares of Phelps stock. The allegations of the complaint which relate to the transactions in the Bellinger estate are similar to the allegations which form the basis for the Parker action. This action also attacks the transaction by which Rogerson purchased the Phelps shares from the Gebbie estate, of which he was the sole executor and trustee. In addition to obtaining a joint trial of this action with Action No. 1 and the removal of both to Surrogate's Court, Chautauqua County, Rogerson moved to dismiss certain causes of action alleged in this complaint on the ground that they were barred by the decree of the Surrogate settling his account as executor of the Gebbie estate. The latter part of the motion was denied with leave to renew in Surrogate's Court.

Gebbie Foundation, Inc., has also appealed, contending that leave to renew the motion to dismiss should not have been granted but that the motion should have been considered on the merits and denied.

On oral argument, all parties agreed that there should be a joint trial of Actions 1 and 2, leaving for our consideration the question of whether this trial should be held in Supreme Court, Erie County or Surrogate's Court, Chautauqua County. Based on all the circumstances revealed in the record, we cannot say that Mr. Justice MAHONEY improperly exercised his discretion in refusing to transfer Action No. 1 to the Surrogate's Court.

That part of the order of Mr. Justice KING which directed a joint trial of Actions 1 and 2 was proper since there are common questions and issues to be resolved. In transferring the actions, however, after ordering a joint trial, the court, in effect over-ruled the order directing that the trial of Action No. 1 be held in Erie County. Even though the Gebbie Foundation motion for a joint trial would constitute adequate grounds for recon-sidering the determination of the proper place of trial, that part of the motion should have been referred to the Justice who made the previous order, pursuant to CPLR 2217 (subd. [a]). That rule as well as CPLR 2221, facilitates a persuasive policy,

derived in part from case law, that one Judge should not reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction. We hold, therefore, that so much of the order directing removal to Surrogate's Court was an improvident exercise of discretion and should be reversed.

Since summary judgment has been granted on several of the claims interposed in Action No. 1, it logically follows that this action can be heard and determined at the same time the issue of Manufacturers' liability is determined. Any accounting that may then be directed will determine the rights of all beneficiaries.

The order appealed from should be reversed to provide that trial is to be held in Supreme Court, Erie County.

Rogerson has moved in this court to dismiss the appeal of Gebbie Foundation, Inc., on the ground that it is not an aggrieved party and that the order is not appealable. Since the order did not reach the merits, it may well be the cause of delay in the action and may prevent an orderly disposition of this entire controversy; and since this action is to be joined with Action No. 1 and tried immediately we hold that the order granting leave to renew the motion to dismiss the complaint affects a substantial right of Gebbie Foundation and is appealable.

We also hold that the motion made by Rogerson to dismiss the complaint should be denied on the merits. It is argued that the foundation lacks capacity to bring the action. However, it is apparent that the meeting of the directors at which the resolution authorizing the action was passed, was properly called pursuant to the by-laws of the foundation. When the original meeting of the directors was adjourned, a quorum was present and, therefore, when the resolution was adopted the foundation was fully authorized to proceed with the action, and there were no irregularities in the procedures followed.

The moving parties also contend that there is another action pending and further that a prior decree of the Surrogate's Court judicially settling Rogerson's account in the Marion Gebbie estate is *res judicata* upon the issues presented in this action. The Attorney-General has instituted a proceeding in Surrogate's Court seeking to set aside this decree on the ground that the account as presented did not reveal that Rogerson or members of his family had acquired the Phelps shares held in that estate. It would be premature to dismiss this action on the ground that another action is pending, since a part of the petition was dismissed in the Surrogate's Court and that order is presently the subject of another appeal. In addition, since the foundation in this action alleges that the facts in the prior proceeding were misrepresented, the decree cannot be *res judicata.*

Finally, it is argued that the court has no jurisdiction over defendants Wynne and Lowe who are nondomiciliaries of this State. It is undisputed that these defendants, who are married to daughters of Rogerson, met with him in New York City for the purpose of arranging a gift to them of some of the shares purchased from the Marion Gebbie estate. The shares were carried in the street name of a broker but were held for the benefit of these defendants. These facts alone are sufficient to confer jurisdiction over them. (CPLR 302.)

### ACTION NO. 3

Rogerson commenced a proceeding in Surrogate's Court, Chautauqua County, for judicial settlement of his intermediate account as executor of the Bellinger estate. A motion by Parker for a stay of that proceeding was granted by the Surrogate pending the determination of the appeal from the order directing the trial of Action No. 1 to be held in Erie County.

Since the determination of the issues raised in Actions 1 and 2 will necessarily affect the consideration of the account filed in Surrogate's Court, the stay of that proceeding was proper and should continue until the ultimate determination of the issues in those actions. The order appealed from should be affirmed.

MARSH, J. P., WITMER, BASTOW and HENRY, JJ., concur.

Action No. 1 — Order insofar as it denies plaintiff's and Marine Midland Chautauqua National Bank's motions for summary judgment against Rogerson, Phelps Can Co., and Manufacturers Hanover Trust Company in its individual capacity, unanimously reversed on the law and facts and motions granted to the extent that Rogerson and Phelps Can Co. are declared to be constructive trustees of 125 shares of the capital stock of Phelps Can Co., and as such they are directed to account, and otherwise the motions are denied and a trial is directed on the issue of the claimed liability of Manufacturers in its individual capacity, such issue to be jointly tried in Supreme Court, Erie County with Action No. 2 (*Gebbie Foundation Inc.* v. *Rogerson et al.*). Order insofar as it denies the motion of Manufacturers as coexecutor and trustee for summary judgment against Rogerson and Phelps Can Co. unanimously reversed on the law and facts and motion granted, and Rogerson and Phelps Can Co. declared to be constructive trustees of 125 shares of the capital stock of Phelps Can Co., and, as such, they are directed to account. Order insofar as it denies motion of Rogerson and Phelps Can Co. unanimously modified to provide that such motion is denied unconditionally. All with costs to plaintiff Parker against Rogerson and Phelps Can Co.

Action No. 1 — Motion by defendants Rogerson and Phelps Can Co. to dismiss their appeal, renewed upon argument, denied. Order insofar as appealed from unanimously affirmed, without costs to any party but with disbursements to respondent Parker.

Actions Nos. 1 and 2 — Motion to dismiss appeal taken by Gebbie Foundation, Inc., renewed upon argument, denied. Order, insofar as it grants a change of venue to Surrogate's Court, Chautauqua County, unanimously reversed and motion denied; Order, insofar as it grants a joint trial of Actions No. 1 (*Parker* v. *Rogerson et al.*) and No. 2 (*Gebbie Foundation Inc.* v. *Rogerson et al.*) unanimously modified to provide that joint trial shall be had, in Supreme Court, Erie County, of Action No. 2, and the issue in Action No. 1 of the individual liability of Manufacturers Hanover Trust Company. Order insofar as it denies motion by defendant Rogerson to dismiss complaint unanimously modified to provide that the motion is denied on the merits. All without costs to any party but with disbursements to appellants Parker, Gebbie Foundation, Inc. and Marine Midland Chautauqua National Bank.

Action No. 3 — Order unanimously affirmed without costs to any party but with disbursements to respondents filing briefs. Stay continued pending joint trial in Supreme Court, Erie County, of Action No. 2 (*Gebbie Foundation Inc.* v. *Rogerson et al.*) and issue in Action No. 1 (*Parker* v. *Rogerson et al.*) as directed by this court.