■ GEORGE LAMBERT et al., Respondents, v MARTIN SKLAR et al., Appellants. [877 NYS2d 452]—

In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 13, 2007, which, among other things, denied their motion for summary judgment dismissing the fraud cause of action as premature.

Ordered that the order is affirmed, with costs.

After the judicial settlement of the estate of the decedent, Jack Rovello, his widow allegedly discovered that the defendants Martin Sklar, Betsy & Adam, Ltd., and Betsy & Adam Sales, Inc., defrauded the estate by concealing certain assets from the

plaintiff George Lambert, the public administrator assigned to administer the estate. The plaintiffs commenced this action, inter alia, to recover damages for fraud. On a prior appeal, this Court modified an order of the Supreme Court, Westchester County, dismissing all causes of action asserted in the complaint as time-barred, and reinstated the fraud cause of action (*see Lambert v Sklar*, 30 AD3d 564 [2006]). The defendants then moved for summary judgment dismissing the fraud cause of action on the grounds of res judicata, collateral estoppel, release, waiver, and documentary evidence. The Supreme Court, inter alia, denied the motion as premature, and we affirm.

Although a general release bars recovery on any cause of action arising prior to its execution, this is true only "in the absence of fraud, duress, illegality or mistake" (*Stone v National Bank & Trust Co.*, 188 AD2d 865, 867 [1992]). The Supreme Court correctly found that the defendants failed to establish their entitlement to judgment as a matter of law in this regard by tendering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Their failure to make such a prima facie showing required a denial of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

In any event, the motion was properly denied as premature since discovery has not yet been conducted (*see* CPLR 3212 [f]; *Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]; *Ruiz v Griffin*, 50 AD3d 1005, 1006 [2008]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]).

Contrary to the defendants' contention, since the plaintiffs are alleging that the defendants fraudulently concealed assets of the decedent's estate from the public administrator, the doctrine of res judicata does not bar the plaintiffs from seeking to recover estate assets improperly omitted from the settlement of the estate (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Joseph v Herzig*, 198 NY 456 [1910]; *Parker v Rogerson*, 33 AD2d 284 [1970]; *Matter of Williams*, 1 AD2d 1022 [1956]). A decree of the Surrogate's Court judicially settling an account cannot have any conclusive effect or operate as a bar with regard to previously-undisclosed and undiscovered assets (*see Matter of Seaman*, 275 App Div 484 [1949], *affd* 300 NY 756 [1950]; *Matter of Ries*, 187 App Div 82 [1919]).

The defendants' remaining contentions are without merit. Mastro, J.P., Skelos, Chambers and Hall, JJ., concur.