In the Matter of the Application of ELIZABETH S. O'BRIEN, as Executrix, etc., of EDWARD J. DWYER, Deceased, Respondent, for the Disposition of Real Property of said Decedent for the Payment of his Debts and Funeral Expenses.

FRANK S. O'BRIEN, Special Guardian of MARY DWYER, CORNELIUS DWYER and EDWARD DWYER, Infants, Appellant.

*Will — when the debts and funeral expenses are not charged upon the real estate — right of subrogation of an executrix who pays the debts out of her individual funds.*

A will by which a testator gave, "after the payment of my just debts and funeral expenses," the use of his property, both real and personal, to his wife (whom he appointed executrix), providing that in case of her remarriage it should pass to his children absolutely, does not operate to charge the debts of the testator upon the land devised by the will, notwithstanding the fact that his personal estate only amounts to $330.10, while his debts and funeral expenses exceed that amount by $1,293.01.

Where the widow and executrix pays out of her individual funds the debts and funeral expenses which the personal estate of the testator is insufficient to pay, without taking assignments from the creditors of the claims so paid by her, she is entitled to be subrogated to the rights of such creditors, and may maintain a proceeding in the Surrogate's Court to have the testator's real estate sold to obtain reimbursement.

APPEAL by Frank S. O'Brien, special guardian of Mary Dwyer and others, infants, from a decree of the Surrogate's Court of the county of Wayne, entered in said Surrogate's Court on the 5th day of November, 1898, adjudging among other things that the petitioner, Elizabeth S. O'Brien, has a valid and subsisting lien against the estate of the decedent in the sum of $1,293.01, and directing that, for the purpose of paying such sum, the real estate of the decedent be sold.

*Charles P. Williams*, for the appellant.

*Thad. Collins, Jr.*, for the respondent.

McLENNAN, J. :

This proceeding was commenced by the presentation of the petition of Elizabeth S. O'Brien, upon proper notice, to the surrogate of Wayne county, which petition was dated on the 10th day of

June, 1898, for the purpose of procuring the sale of the real estate of which the deceased, Edward J. Dwyer, died seized, pursuant to sections 2749 and 2750 of the Code of Civil Procedure, for the payment of the debts and funeral expenses of the decedent.

The petition, which was duly verified, stated that Edward J. Dwyer died on the 11th day of June, 1895, leaving a last will and testament, which was duly admitted to probate by the Surrogate's Court of Wayne county on the 5th day of August, 1895; that the petitioner, in and by said will, was named as sole executrix; that she duly qualified and entered upon the discharge of the duty of said office; that the personal estate of the deceased was insufficient for the payment of his debts and funeral expenses, and that the deceased at the time of his death was seized of the real estate described in the petition; that the petitioner, in the administration of the estate, paid with money of her own valid debts against the estate and the funeral expenses of the deceased, which, in the aggregate, amounted to the sum of $1,623.11; that she received and collected of the personal property of the deceased the sum of $330.10, and that sum represented its full value, leaving a balance due and owing to her, as stated in the petition, of the sum of $1,293.01. The petition asked that the real estate of the decedent be sold for the purpose of paying such indebtedness, that amount being the total indebtedness against the estate.

Upon the trial of the proceeding it was not disputed that the executrix had paid the debts as stated in the petition, and no question was raised as to the genuineness of the debts so paid by her, or that they were not all valid claims against the estate of the decedent, nor was it disputed that the executrix paid the funeral expenses as alleged by her, nor was any question made that the funeral expenses so paid were not reasonable and proper, or that she had not collected and accounted for the full amount of the personal property of the testator.

The Surrogate's Court found that the facts stated in the petition were true, and directed a sale of the real estate of the testator for the purpose of paying the sums so paid and advanced by the petitioner.

But two questions are presented by this appeal:

*First.* Were the debts of the decedent, by the terms of the will,

made a charge upon the real estate of which he died seized, under all the circumstances of this case? If they were, concededly the Surrogate's Court did not have jurisdiction in this proceeding to decree the sale of such real estate for the purpose of paying such debts.

*Second.* If the debts were not made a charge upon the real estate, could the surrogate provide for their payment by the sale of the real estate in favor of the petitioner, the same as if she had been a creditor of the decedent at the time of his death to the amount of such indebtedness?

The will of the testator provided:

"Know all men that I, Edward J. Dwyer, of Lyons, Wayne County, N. Y., being of sound mind and memory, do hereby make and declare this my last will and testament, that is to say: That I do hereby will, devise, give and bequeath, after the payment of my just debts and funeral expenses, the use of my property, both real and personal, to my wife, Elizabeth A. Dwyer, to have the use of the same so long as she shall remain my widow, but upon her remarriage said property, and the use thereof, shall go to my children absolutely, share and share alike, namely: Cornelius, Mary and Edward Dwyer, to whom, in the event of my said wife's remarriage, I hereby will, devise and bequeath my said property, and I revoke all other wills made by me, and I hereby appoint my said wife my executrix of this, my last will."

It appeared upon the trial of this proceeding and was so stated in the petition, that at the time of the testator's death he was indebted in the sum of $1,361.11, and that the personal property which he owned at the time of his death did not exceed in value the sum of $330.10; and that if the necessary funeral expenses be added to the debts due and owing by the testator, after applying the entire personal property to the payment of such debts and expenses there would remain a balance of $1,293.01. The appellant urges that the language of the will, when considered in connection with those circumstances, makes the debts and funeral expenses of the testator a charge upon the real estate.

It seems to me that the case of *Matter of City of Rochester* (110 N. Y. 159) is decisive of this question. In that case the will was in the following words, namely:

"*First.* After all my lawful and just debts are paid and dis-charged, I give and bequeath unto my wife," etc.

Proceedings were commenced under sections 2749 and 2750 of the Code of Civil Procedure before the surrogate, to procure ,the sale of the decedent's real estate for the payment of his debts. It appeared that the testator owed at the time of his death debts amounting to about $25,000, and that at the time the petition in that case was presented $23,000 of such amount was unpaid. The court held in that case that the debts were not made a charge upon the real estate by the terms of the will, even when considered in connection with the condition of the testator's estate, and the court said : " Courts should be slow to construe an intention to charge the pay-ment of debts upon a devise of real estate, from the use in a will of formal words, or the presence of commonly employed phrases. Of such a case this seems a fair illustration. For, beyond the opening words of the will, ' after all my lawful and just debts are paid I give, etc., to my wife,' etc., the instrument, concededly, is devoid of any expression or declaration by the testator of intention as to the mode of payment of his debts."

And the court further said : " Inadequacy of the personalty is not suggestive of any intention, in view of the existing provisions of the Code of Civil Procedure permitting a resort to the real estate by the creditors of a decedent."

It will be observed that the words of the will in the *City of Roch-ester Case* (*supra*), which were being considered by the court, are practically the same as the words of the will in the case at bar.

In the case of *Matter of Bingham* (127 N. Y. 296) the head note is as follows : " The will of F. contained an express direction to his executors to pay his debts ; he gave his residuary estate to his heirs and next of kin in the same proportion as if he had died intestate, to be divided between and paid to them in cash in five years from his decease ; he gave to his executors power to sell the property and convert it into money and make the distribution." Held, that the direction as to payment of debts did not make them a charge upon the testator's real estate.

In the case of *Matter of Powers* (124 N. Y. 361) the 1st clause of the will which was being considered by the court was as follows : " I direct that all my just debts (not secured by mortgage), and my

funeral and testamentary expenses, be paid by my executor out of my property," etc.

It was held that such words did not make the debts of the testatrix a charge upon her real estate, and the court said: "The mere direction for payment of the debts out of her property is, in effect, nothing more than a direction to pay them. In either case the purpose is indicated that they be paid out of the property of the decedent, and to render a provision in a will effectual to furnish a greater security than that given by law for the payment of debts in due course of administration, by charging them upon the real estate of the testator, the purpose must quite clearly appear."

In the case of *Clift* v. *Moses* (116 N. Y. 144), where the will provided as follows: "I do order and direct my executor hereinafter named to pay all my just debts and funeral expenses, as soon after my decease as can conveniently be done," it was held that the debts and funeral expenses were not made a charge upon the real estate of the testator.

It would seem clear from the authorities cited — and many others might be referred to — that by the terms of the will in question the debts and funeral expenses of the testator were not made a charge upon the real estate; nor were they so made chargeable if such words of the will are considered in connection with the fact that the debts of the testator were largely in excess of the value of his personal property.

The second or further proposition presented by this appeal is equally well settled by authority. As was said by the surrogate before whom this proceeding was had, in his opinion upon the decision of the case:

"The person by whom the claims in question were paid was the executrix of the will of Mr. Dwyer, and as such was charged by the law, as well as by the solemn trust reposed in her by her dead husband, to in all ways possible protect the estate for the benefit, not only of herself, but of their children who were ultimately to inherit the same. In addition to these duties, both legal and moral, which rested upon her, she had a direct financial interest in the real estate in question. To her was given the entire use thereof during her widowhood, an interest which she might renounce, as she in fact afterwards did by her remarriage, or which she might, if she chose,

retain during her entire life. She had also her dower right in the premises, and in the event of her remarriage the use of one-third of the real estate was still hers so long as she lived. All these various interests and trusts, other than her dower right, were liable to be entirely defeated and wiped away by the enforcement of the lien of the debts in question. If, in seeking to protect those rights and interests, she advanced the money due to creditors, and through ignorance or inadvertence failed to protect herself by proper assignment, she certainly was not a mere volunteer, but placed herself in a position whereby she could invoke in the equity side of the Supreme Court the doctrine of subrogation."

In the case of *Ball* v. *Miller* (17 How. Pr. 300) the head note reads as follows : " Where, however, the debt of the administrator thus established before the surrogate, or any part of it, is caused by the application of the moneys of the estate to the payment of debts existing against the intestate in his lifetime, the administrator may be regarded as the equitable assignee of those claims, and to be subrogated to the rights of those creditors, and entitled to satisfy such claims out of the proceeds of the real estate in the same manner as the original creditors."

And at page 305 the court says : " I think she (as administratrix) ought to be regarded as the equitable assignee of those claims, and to be subrogated to the rights of those creditors. This is a familiar principle in equity jurisprudence, and the Surrogate's Court partakes strongly of the characteristics of an equity tribunal. In equity the payment of a claim does not always and necessarily extinguish it, but it is deemed merged, extinguished and satisfied or kept alive, according as equity and justice require. In this case there was no obligation on the part of the administratrix to make payments beyond the personal assets in her hands ; and, if she made them, it must be deemed to have been done for the convenience of the creditor, or for the benefit of the estate, and not to her own prejudice. To the extent that she has applied her own moneys or those of the estate upon the claims of creditors of the deceased, I think she must be regarded as the equitable assignee of those demands, and entitled to satisfy them out of the proceeds of the real estate, in the same manner as the original creditors, and such, I think, is the fair effect of the authorities. (*Livingston* v. *Newkirk*, 3 J. C. R. 312, 318 ;

*Evertson* agt. *Tappen*, 5 J. C. R. 497, 514; *Gilchrist* agt. *Rea*, 9 Paige, 66, 73; *Collinson* v. *Owens*, 6 Gill & John. 4.)"

To the same effect is *Pease* v. *Egan* (131 N. Y. 262) and *Koehler* v. *Hughes* (148 id. 507).

We think, also, that the Surrogate's Court had jurisdiction to decree that the petitioner was entitled to be subrogated to the rights of the original creditors, and was right in holding that she was in the same position as if an assignment to her had been made by such original creditors of their respective claims against the estate of the testator, when the same were paid to them respectively by the petitioner.

It follows that the decree of the Surrogate's Court should be affirmed, with costs to the respondent, payable out of the estate.

All concurred.

Decree of the Surrogate's Court affirmed, with costs to the respondents, payable out of the estate.