SOPHIE G. PARKER, as Executrix of ASA W. PARKER, Deceased, Appellant, *v.* MORRIS F. BEER et al., Respondents.

WILL — DISCRETIONARY POWER OF SALE OF REAL ESTATE — CODE CIV. PRO. § 2759. A testamentary power of sale, "I authorize and empower such executors who act to sell and convey any real estate of which I die seized," with no mention in the will of testator's debts, is discretionary, not imperative, and does not deprive a creditor of the right to a judicial sale of the real estate under section 2759 of the Code of Civil Procedure relating to the sale of a decedent's real property for the payment of debts.

*Parker* v. *Beer,* 65 App. Div. 598, affirmed.

(Argued January 13, 1903; decided January 27, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 20, 1902, in favor of defendants upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

This was a submission to the Appellate Division of the Supreme Court, in the second judicial department, of a controversy between the parties to an agreement, for the sale by the plaintiff and for the purchase by the defendants of real estate. The defendants refused to take the title, upon the ground that the plaintiff could not convey one that was clear and marketable. The facts were that the plaintiff derived what right she had to make the sale, as the executrix of the will of Asa W. Parker, deceased. When he died, his personal estate was of no value and the equity in his real estate did not exceed, in value, $10,000; which was very considerably less

than the admitted debts. The plaintiff contracted to sell
within a year of testator's death. The will was brief and in
the following words : " I give all my property to my execu-
tors, or those who act as executors, their survivors or sur-
vivor, to use and dispose of the same as though I died intestate.

" I authorize and empower ·such executors who act to sell
and convey any real estate of which I die seized.

"﹒I name as such executors my wife, Sophie G. Parker, my
children, Asa W. Parker, Jr., Gordon Parker and Mabel C.
Parker.

" I revoke all former wills by me made."

The Appellate Division awarded judgment to the defend-
ants, upon the ground, in substance, that the power of sale
was discretionary and not imperative and, hence, did not
deprive a creditor of the right to a judicial sale of the real
estate of the testator, under the provisions of the statute.
(See Códe Civ. Pro. §§ 2750, 2759.) The plaintiff then
appealed to this court.

*Samuel Keeler* and *C. D. Rust* for appellant. Whether
the power of sale is discretionary or not, or given for the pay-
ment of debts or not, is immaterial ; after its exercise the
creditor cannot compel the sale of the real estate over again.
The purchaser would get a good title. (*Glaucius* v. *Fogel*,
88 N. Y. 435 ; *Matter of Gantert*, 136 N. Y. 112.) The
proceeds of the sale would be assets in the hands of the execu-
tor for the payment of debts. (*Irwin* v. *Loper*, 43 N. Y.
525 ; *Matter of Gantert*, 136 N. Y. 113 ; Code Civ. Pro.
§ 2726.) The power of sale in the will is clear and explicit,
and is not discretionary. (1 R. S. 734, § 96 ; *Van Bosberk*
v. *Herrick*, 65 Barb. 257 ; *Smith* v. *Floyd*, 140 N. Y. 337.)

*A. M. Fragner* for respondents. A power of sale in a will
gives to the donee of the power only such power as is
expressly set forth in the will. (*Clift* v. *Moses*, 116 N. Y.
155 ; *Taylor* v. *Dodd*, 58 N. Y. 335 ; *Hoyt* v. *Hoyt*, 85 N.
Y. 142.) A power of sale for the payment of debts must be

expressly set forth, and the court will not infer such a power from mere vague and indefinite expressions. (*Matter of Thompson,* 41 N. Y. Supp. 1103; *Gourmly* v. *Campbell,* 66 N. Y. 173; *Matter of Johnson,* 46 N. Y. Supp. 54; *Lupton* v. *Lupton,* 2 Johns. Ch. 214; Code Civ. Pro. § 2749.) The right of creditors to apply to the courts for the sale of decedent's real estate, where the personalty is insufficient to pay his debts, is absolute, and can only be defeated where an express power is given to sell the land for the payment of debts. (*Matter of Campbell,* 21 N. Y. Supp. 688; *Scholle* v. *Scholle,* 113 N. Y. 274.) From the fact that the decedent died with insufficient personalty to pay his debts, leaving a will with power of sale to the executor, it cannot be deduced that the testator had in mind the sale of his real estate to pay debts. (*Matter of Powers,* 124 N. Y. 368; *Matter of McComb,* 117 N. Y. 381.) In order to deprive a creditor of his right under the statute, to apply to the court for the sale of the testator's real estate, the power of sale must be mandatory, not discretionary. (*Matter of Gantert,* 136 N. Y. 106; *Gourley* v. *Campbell,* 66 N. Y. 169; *Parker* v. *Linden,* 113 N. Y. 28; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *Matter of City of Rochester,* 110 N. Y. 166.) A creditor cannot be debarred from enforcing his right under the statute, to a sale of decedent's real estate for the payment of his claim, and a purchaser if compelled to accept title tendered by an executor would be purchasing the property subject to such rights. (*Hobson* v. *Hale,* 35 N. Y. 605.)

GRAY, J. I think the determination by the Appellate Division was correct. The power of sale given by this will cannot be regarded as an express direction to sell the testator's real property for the payment of his debts and, therefore, it not being imperative, its exercise could not be compelled by a creditor. Section 2759 of the Code of Civil Procedure provides that a decree directing the disposition of real property can be made, only, where " the property directed to be disposed of was not effectually devised expressly charged with

the payment of debts, or funeral expenses, and is not subject to a valid power of sale for the payment thereof." The statute is explicit. There is no mention by the testator of his debts. With a will as bare as is this one, a purpose to charge the payment of debts upon the real estate would have to rest on implication and inference. This is not what the statute intended and we think it a safer rule, in the interest of creditors, as, also, for greater certainty of title, to hold that the statutory requirements, if not literally followed, must be met by clear testamentary expressions, in order to deprive creditors of their statutory right to a judicial sale.

For these reasons, the judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.