In the Matter of the Application of CHARLES RIES and ANNA M. H. HUEG, as Creditors of CATHERINE A. C. G. REH-FELDT, for the Sale, Mortgage or Lease of the Real Property of CATHERINE A. C. G. REHFELDT, Deceased, for the Payment of Debts.

CHARLES RIES and ANNA M. H. HUEG, Appellants; FREDERICK J. HEIDENREICH and Others, Respondents.

Second Department, February 21, 1918.

**Decedent's estate — application by creditor for permission to sell real property of decedent — provisions of will as to power of sale not depriving creditors of right to apply under statute.**

A creditor is not prevented from instituting proceedings for the sale of decedent's real estate under former section 2750 of the Code of Civil Procedure, by the provision excluding any "creditor by a mortgage which is a lien upon the decedent's real property," where it appears that prior to his institution of such proceeding he was such a creditor but had lost the security of the mortgage involuntarily and without fault.

Provisions of a will providing that "after all my lawful debts are paid and discharged" certain specific gifts are to be made, and authorizing and empowering the executor to sell and convey any or all of the real estate or to mortgage the same, presumably for the purpose of enabling him to dispose of the real estate if necessary, without resorting to the statute, do not deprive the creditors of the right to apply under the statute.

Power in a will depriving creditors of such right cannot be determined by inference or implication, but must be imperative.

The formal words "after the payment of my debts" do not charge the, real estate with the payment of the debts.

APPEAL by Charles Ries and another from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 26th day of July, 1917, dismissing the petition in this proceeding.

*Thornton Earle,* for the appellants.

*James A. Sheehan,* for the respondents Heidenreich.

*Louis J. Halbert,* for the respondents Kappes and others.

JENKS, P. J.:

This proceeding was begun in February, 1914, before enactment of the new Practice Act applicable to the Surrogate's Court (Laws of 1914, chap. 443). Therefore, the questions presented are considered under the old law. (*Matter of Roberts,* 214 N. Y. 369; *Matter of Ries,* 170 App. Div. 951.) Those questions relate to jurisdiction, for plainly the merits were not considered. The petitioners as creditors invoke former section 2750 of the Code of Civil Procedure, which provided: " At any time within three years after letters were first duly granted within the State, upon the estate of a decedent, an executor or administrator, whether sole or joined in the letters with another other than a temporary administrator, or a person holding a judgment lien upon decedent's real property at the time of his death, or any other creditor of the decedent, other than a creditor by a mortgage, which is a lien upon the decedent's real property, or any person having a claim for the funeral expenses of the decedent, may present to the Surrogate's Court, from which letters were issued, a written petition, duly verified, praying for a decree directing the disposition of the decedent's real property," etc. (Laws of 1909, chap. 183.)

The first question turns upon the restriction " other than a creditor by a mortgage, which is a lien upon the decedent's real property." When decedent died in March, 1911, the petitioners as creditors were within the class thus described. After decedent's death, her administrator paid interest upon

the mortgages until August 1, 1912. But the mortgages were second mortgages, and thereafter the first mortgagees foreclosed, with the result that there was no surplus applicable to the second mortgages. Thereafter, and on February 28, 1914, this petition was presented, but upon the return day it was dismissed. The statement of the record, under rule 41 of the General Rules of Practice, indicates that the jurisdictional point raised by the respondents was entertained by the learned surrogate.

When the petitioners applied to the surrogate, they were other than creditors " by a mortgage, which is a lien upon the decedent's real property." The debt was represented by the bond, and the mortgage was but the incident. (*Matter of Wilbur* v. *Warren*, 104 N. Y. 197; *Merritt* v. *Bartholick*, 36 id. 45.) The loss of the security — the mortgage — (*Kortright* v. *Cady*, 21 N. Y. 348; *Trustees of Union College* v. *Wheeler*, 61 id. 118; *Hubbell* v. *Moulson*, 53 id. 227) left the debt unsecured. As holder of the bond, the petitioners fell within the category of general creditors. Thus section 2719 of the Code of Civil Procedure provides that the executor or administrator must " pay the debts of the deceased according to the following order: * * * 4. All recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts. Preference shall not be given in the payment of a debt over other debts of the same class, except those specified in the third class." (Laws of 1893, chap. 686.) The petitioners were not precluded because the debts were not due until after decedent's death. Section 2755 of the Code of Civil Procedure provides: " A creditor of the decedent, including one whose claim is not yet due, * * * may appear and thus make himself a party to the special proceeding " (Laws of 1910, chap. 581), and section 2756 provides that the surrogate can make a decree if it is established to his satisfaction " That the personal estate of the decedent is insufficient for the payment of his debts and funeral expenses " (Laws of 1904, chap. 750), and section 2757 provides that " If it shall appear to the satisfaction of the surrogate that the personal estate of the decedent is insufficient for the payment of his debts and funeral expenses, the surrogate shall make a decree empowering the executor or

administrator to mortgage, lease or sell the whole or such part of the real property or interest of the decedent in real property as the surrogate shall deem necessary for the payment thereof." (Laws of 1911, chap. 435.) Upon consideration of statutes of similar purpose and purport, Chancellor KENT in *Mooers* v. *White* (6 Johns. Ch. 380) held: "The circumstance of the debt not being due, forms, then, no obstacle to the application to the surrogate, when the executor has not personal assets sufficient to meet it."

The first question, then, is this: Is a creditor forbidden from institution of proceedings under section 2750 of the Code of Civil Procedure by the exclusion of any "creditor by a mortgage, which is a lien upon the decedent's real property," if it appear that prior to his institution of such proceeding he was such a creditor, although it appear that prior to such institution he had lost the security of the mortgage involuntarily and without fault?

The letter of the statute neither requires nor justifies answer against the creditor. The statute does not refer to the status of the creditor at the death of the decedent, or at any particular time other than the time he presents his petition within the three years. The creditor excluded is he whose mortgage is a lien, *i. e.*, at the time of his application. The purpose of the statute is to afford the payment of general creditors. (*Personeni* v. *Goodale*, 199 N. Y. 335.) It seems but just that a creditor with specific security of a mortgage should be required to look to that security and not have also the relief designed for the creditors unsecured. The statute deals out such justice. But it is not just when the secured creditor has lost his security by force of law and without fault, and thereupon stands unsecured, that he should not have the means provided for his fellows for the payment of the decedent's debts. The having once held security for the debt should not involve such a penalty.

The second question is whether the will contains any power of sale that deprived the creditors of application under the statute. I think that it does not. The rule is that such power cannot be determined by inference or implication, and it must be imperative. (*Parker* v. *Beer*, 65 App. Div. 598; affd., 173 N. Y. 332. See, too, *Matter of Gantert*, 136 N. Y.

110–112.) The two provisions of the will that could be pertinent to this question are, *first*, " First, after all my lawful debts are paid and discharged," certain specific gifts are made, and then it is provided that " All the rest and residue of my property " is given and bequeathed to the children of the testator; *second*, the fourth and final clause of the will: " Should any of my children die before becoming twenty-five years of age leaving issue then said issue shall take the share of the parent equally, and should any of my children die not being twenty-five years of age without issue, then the share of the one so *dieing* [*sic*] shall be divided equally among my remaining children. I authorize and empower my Executor to sell and convey any or all of my real estate, or to mortgage the same to replace those now thereon, if they should or any of them should be called in."

The formal words " After the payment of my debts " do not charge the real estate with the payment of the debts. (*Matter of Van Vleck*, 32 Misc. Rep. 419, and cases cited; *Matter of O'Brien*, 39 App. Div. 321. See, too, *Clift* v. *Moses*, 116 N. Y. 156.) And such a provision as appears in the said fourth clause is no bar to the present petition. (*Parker* v. *Beer, supra; Matter of Powers*, 124 N. Y. 361, 367; *Matter of Bingham*, 127 id. 296.) The power of sale may have been, and most likely was, given " for the sole purpose of enabling the executors to dispose of the real estate, if necessary, without resorting to the long and expensive proceedings provided for by the statute." (*Clift* v. *Moses, supra,* 156.)

If the respondent Kappes be a *bona fide* purchaser, he is not affected for the reason that " Upon the exercise of the power of sale the proceeds thereof became personal property in the hands of the executors, at least for the payment of debts." (*Personeni* v. *Goodale*, 199 N. Y. 340.)

The decree of the Surrogate's Court of Queens county is reversed, with costs to the appellants, and the proceeding is remitted to the surrogate.

THOMAS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Decree of the Surrogate's Court of Queens county reversed, with costs to the appellants, and proceeding remitted to the surrogate.