In the Matter of the Accounting of WILLIAM F. CLARE, as Surviving Trustee, under the Will of WILLIAM BRENNAN, Deceased, Appellant.

MARGARET BRENNAN, Respondent.

(Argued April 17, 1929; decided May 28, 1929.)

*Frederick A. Gill* for appellant. The surrogate had not power to modify the decree on any of the grounds stated in the motion papers. (*Matter of Starbuck*, 221 App. Div. 702; 248 N. Y. 555; *Matter of Monteith*, 27 Misc. Rep. 163; *Matter of Walrath*, 37 Misc. Rep. 696; *Matter of Humfreyville*, 8 App. Div. 312; *Matter of Soule*, 72 Hun, 594; *Matter of Starbuck*, 221 App. Div. 702; 248 N. Y. 555; *Brick's Estate*, 15 Abb. Pr. 12; *Matter of Hawley*, 100 N. Y. 206; *Matter of Dey Ermand*, 24 Hun, 1; *Matter of O' Neil*, 46 Hun, 500; *Thomas L. & T. Co.* v. *Hill*, 4 Dem. 250.) The trustee was entitled, under section 285 of the Surrogate's Court Act, as an item of his commissions, to five per centum on the rents collected for the premises on West Sixty-third street. (*Matter of Rutledge*, 162 N. Y. 31; *Matter of Dutcher*, 102 App. Div. 410; *Stevens* v. *Melcher*, 152 N. Y. 551; *Cook* v. *Lowry*, 95 N. Y. 103; *Wheelwright* v. *Rhoades*, 28 Hun, 57; *Matter of Curtis*, 9 App. Div. 285; *Matter of Ingersoll*, 95 App. Div. 211; *Matter of Welling*, 51 App. Div. 355; *Matter of Mathewson*, 8 App. Div. 8; *Collier* v. *Munn*, 41 N. Y. 143.)

*Joseph H. Kohan* for respondent. The surrogate had power to resettle the decree. (*Matter of Shonts*, 229 N. Y. 374; *Matter of Henderson*, 157 N. Y. 423; *Matter of Connor's Estate*, 119 Misc. Rep. 630; *Matter of Klugh*, 176 App. Div. 187; *Matter of Starbuck*, 221 App. Div. 702; 248 N. Y. 555.) The trustee was not entitled to the additional five per cent commission provided for by section 285 of the Surrogate's Court Act. (*Matter of Knight*, 124 Misc. Rep. 430; *City of Newburgh* v. *Dickey*, 164 App. Div. 791.)

O'BRIEN, J. Appellant is the surviving trustee of three separate trusts created by the will of William Brennan, and respondent is the beneficiary under one of them. Included in the principal of each trust fund is an interest in the real property situated at 22 West Sixty-third street in the borough of Manhattan. The surrogate's decree on the judicial settlement of the trustee's account for the year 1924 allowed him as commission on respondent's income a sum including five per cent on an item of $3,000, representing her share of the rent for the Sixty-third street property. Pursuant to section 285 of the Surrogate's Court Act, it was allowed on the theory that, in addition to collecting rent, the trustee was required to manage the property. Respondent's motion for an order modifying the decree was granted to the extent of disallowing the additional five per cent for managing. This modification is based upon the conclusion that the terms of the lease for those premises, which was not before the surrogate on the original settlement, relieve the trustee from management. Appellant urges that the surrogate was without power to modify and that, in any event, the original decree was correct.

Section 20, subdivision 6, of the Surrogate's Court Act confers power upon a surrogate to modify a decree for fraud, newly-discovered evidence, clerical error or other sufficient cause, but limits the exercise of such power to that of a court of general jurisdiction in a like case. No fraud or clerical error is here charged and the presentation of a lease with which the parties were acquainted at the time of the original decree does not constitute newly-discovered evidence.

The inquiry must, therefore, be directed to the question whether, upon the introduction of such a document as was at all times available but theretofore withheld, a court of general jurisdiction may consider such evidence " sufficient cause " to warrant a modification or vacatur of its own judgment or order and is empowered to recon-

sider, set aside and reverse it. We think that no court has such power. None of the reported cases recognize it and, on principle, it cannot be held to exist. In *Matter of Flynn* (136 N. Y. 287) the order opening the decree was made on the ground of fraud. The opinion in *Matter of Henderson* (157 N. Y. 423) shows that the decision is restricted to a state of facts where an executor committed a manifest clerical or arithmetical error in calculation and it holds that the Surrogate's Court, like every other court, has inherent power to correct its own records when they are affected by some clerical error. In *Matter of Shonts* (229 N. Y. 374) an order was granted *ex parte* under such conditions as to lead the surrogate to vacate it two days later upon the allegation that it had been obtained " through the practice of gross deception and misrepresentation " and upon proof that it had been mistakenly made by reason of a lack of candor on the part of the moving party and by reason of such a misapprehension on the part of the court as cannot be said to be inexcusable. A new order was granted upon the production of a document which either must have been newly-discovered evidence as far as the party who had previously moved *ex parte* was concerned, or the knowledge or belief in the existence of which must have been suppressed by her under such disingenious circumstances as perilously to approach the point of fraud. In the case before us the original decree was entered after service of citation upon respondent, as in *Matter of Tilden* (98 N. Y. 434), upon facts known to all the parties and without the practice of any deception or misrepresentation due to lack of candor or other omission. A very recent case (*Matter of Starbuck*, 248 N. Y. 555) deals with the same principle as the one now before us. There we held that a surrogate may not reconsider and modify his decree by the reduction of an allowance previously made to counsel. If the surrogate committed any error in this proceeding, it was an error of law and could be corrected

only on appeal. Section 20 vests him with jurisdiction to modify or vacate only in respect to the things specified in that statute and for causes of a like nature. (*Matter of Hawley*, 100 N. Y. 206, 211; *Matter of Henderson, supra.*)

As we interpret the word " manage " as used in section 285 of the Surrogate's Court Act, the original decree is correct. The statute provides: " Where a trustee or executor is, by the terms of the instrument, required to collect the rents and *manage* real property, he shall be allowed and may retain, five per centum of the rents collected therefrom, in addition to the commissions herein provided." William Brennan's will does not appear in the record, but the surrogate in the modified decree has disallowed the five per cent on the ground that by the terms of the lease the trustee was relieved from management of the West Sixty-third street property and merely collected the rents. Respondent's argument in support of the contention that the original decree was erroneous rests wholly upon the covenants in the lease. By that lease, the primary obligation is imposed upon the tenant to make repairs, take out insurance, pay taxes and comply with all laws, orders and ordinances of the Federal, State and municipal governments, but the ultimate responsibility for such administration remains with the trustee. In the event of failure by the tenant to perform the duties which it has assumed by the lease, other covenants of that instrument empower the trustee to discharge them. He may enter upon the premises and do any work or thing necessary to comply with the law; he is authorized to pay taxes and to take out insurance at the tenant's expense; he may make repairs; he is permitted at all times during usual business hours to inspect the premises; he is empowered to grant or refuse his written consent to an assignment or mortgage of the lease; he may re-enter and take possession and institute summary proceedings or other suitable action, discharge

liens and, in short, upon default in performance of any covenant by the tenant, perform without notice for the account of the tenant. The entire responsibility for directing, supervising, overseeing, administering and controlling the property belongs to the trustee. He cannot lawfully evade such responsibility, and its exercise constitutes management within the intent of the statute.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed, and the original decree reinstated, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Ordered accordingly.