CHARLES B. WILSON, Respondent, v. EUGENE P. CATENA, Appellant.— Motion for stay denied, with ten dollars costs. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

AUSTIN NICHOLS & Co., INC., Suing in Its Behalf and in Behalf of Other Creditors Similarly Situated, Respondent, v. BENJAMIN FRINDEL, Defendant, and ISIDOR SACHS, Appellant. (Appeal No. 1.) — Order granting plaintiff's motion for injunction *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

AUSTIN NICHOLS & Co., INC., Suing in Its Behalf and in Behalf of Other Creditors Similarly Situated, Respondent, v. BENJAMIN FRINDEL, Defendant, and ISIDOR SACHS, Appellant. (Appeal No. 2.) — Order directing the Globe Indemnity Company of New York to deposit into court, " subject to a final determination and order in this action," the sum of $3,680 " more or less," affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

BALDWIN COOK, Respondent, v. HARRI M. HOWELL and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Rich, Hagarty, Seeger and Scudder, JJ.

JOSEPHINE HERSHBERGER and Others, Respondents, v. THE WINFIELD COAL COMPANY, INC., and Others, Appellants, and ALBERTINA HERSHBERGER, as Sole Surviving Executor and Trustee, etc., of CHARLES HERSHBERGER, Deceased, Defendant.— Order denying motion to require plaintiffs to state and number separately the alleged causes of action in the complaint and to strike therefrom certain allegations affirmed, with ten dollars costs and disbursements, with leave to appellants to answer within twenty days from service of a copy of the order herein upon payment thereof. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

In the Matter of the Judicial Settlement of the Account of HENRY B. FULLER and Others, as Executors of the Will of CELIA K. FULLER, Deceased. HENRY B. FULLER, Appellant; OTTILLIE N. DANNEMAN and JULIA M. NAUMANN, as Executors, etc., of CELIA K. FULLER, Deceased, and Another, Respondents.— Order of the Surrogate's Court of Queens county made and entered June 6, 1929, denying the application of appellant for an order reopening and amending the final accounting decree entered on September 21, 1928, and directing the executors and the Bowery Savings Bank to pay or deliver to appellant as a legacy or gift the residue of the estate on deposit with said Bowery Savings Bank, amounting to $13,859.75, with interest, and that said order provide it be delivered without any deduction for services of Benjamin T. Hock, as attorney for the executors, rendered since the entry of said decree, reversed upon the law and the facts, without costs, and application granted, without costs. Appellant, upon the advice of his former counsel, and in ignorance of his right to elect to receive the principal of the fund (*Matter of Cole*, 174 App. Div. 534; affd., 219 N. Y. 435; *Matter of Bertuch*, 132 Misc. 731; revd., 225 App. Div. 773), permitted the decree to be entered in its present form. While the surrogate is vested with the jurisdiction (Surrogate's Court Act, § 20, subd. 6) to vacate or modify a decree *only* in respect to the things specified in the statute and for causes of like nature (*Matter of Brennan*, 251 N. Y.