In the Matter of the Estate of ELIZABETH FURLONG, Deceased. PATRICK J. CASSIDY, Appellant; PATRICIA FURLONG, as Executrix of ELIZABETH FURLONG, Deceased, et al., Respondents.

Third Department, March 7, 1945.

*Patrick J. Keniry,* attorney for appellant.

*Howard J. Reilly,* attorney for executrix-respondent.

*Doyle & Heffernan,* attorneys (*James G. Heffernan* of counsel), for respondent, Michael J. Furlong.

*Per Curiam.* Appeal by the undertaker who had charge of the burial of decedent from that portion of an order of the Surrogate's Court of Saratoga County dated September 1, 1944, which directs that an order of that court made on February 13, 1942, be amended by deleting therefrom the following: " That the bill for funeral expenses due your petitioner which was presented to and admitted and proved against the estate is as follows: Patrick J. Cassidy, funeral expenses, $600.00 (Six Hundred Dollars) ''; and the order appealed from further provides " that said claim of the said Patrick J. Cassidy be, and it hereby is allowed in the sum of Three Hundred Fifty Dollars ($350.00) ''. No appeal was taken from the February, 1942, order and no evidence was taken as to the value of the funeral services in advance of the order from which the appeal is taken.

The court was without power to change and amend its order made more than two years before. (*Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225; *People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151; *Matter of Brennan,* 251 N. Y. 39; *Matter of Starbuck,* 248 N. Y. 555; *Herpe* v. *Herpe,* 225 N. Y. 323; *Heath* v. *N. Y. B. L. B. Co.,* 146 N. Y. 260.)

The 1942 order, although not appealed from, is assailed upon the ground that there was an imperative power of sale in the will of the testatrix which converted real property into personalty. Such an issue is not before us, but if it were, the power of sale is not imperative. (*Parker* v. *Beer,* 173 N. Y. 332; *Matter of Ries,* 182 App. Div. 296.)

On account of the time which expired after the making of the first order, irregularities therein may not be corrected. (Surrogate's Ct. Act, § 316; Civ. Prac. Act, § 521.)

The order appealed from should be reversed on the law.

All concur.

Order reversed on the law, with costs to the appellant payable from the estate, and the petition dismissed. [See 269 App. Div. 791.]