In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Substituted Trustee of the Will of ELMER E. SMATHERS, Deceased, Respondent. HARRIET B. MYERS, Appellant; J. HARVEY TURNURE, as Special Guardian, et al., Respondents.— In a proceeding for a judicial settlement of an intermediate account of the substituted trustee under the last will and testament of the decedent, the objectant appeals from that part of the decree settling the account, which overrules and dismisses objections to the retention or allowance of commissions of 6% of the gross rents collected under a lease of real property. Decree, insofar as appealed from, unanimously affirmed, with costs to each respondent submitting a separate brief, payable out of the estate. The lease was executed by the testator during his lifetime, for a term of ninety-nine years. It contained provisions by which the landlord was relieved of all obligations with respect to the management and control of the premises, and by which those obligations were assumed by the tenant. The landlord, nevertheless, reserved certain rights with respect to re-entry, management and control which he was entitled to exercise upon the occurrence of certain contingencies specified in the lease. The trustee succeeded to the landlord's immunities, as between the landlord and the tenant, but no assumption of obligations by the tenant could relieve the trustee of its responsibility to the *cestuis que trustent* to enforce the provisions of the lease, and to protect their interests in the demised premises. The exercise of that responsibility constitutes management within the meaning and intent of subdivision 7 of section 285-a of the Surrogate's Court Act. (*Matter of Brennan,* 251 N. Y. 39.) We consider the interpretation of the word "management" as contained in the opinion in the *Brennan* case (*supra*) controlling here, although the language of the statute under consideration on this appeal differs to some extent from that which was there construed. Appellant's contention that the portion of that opinion which construed the statute there under consideration should be disregarded as obiter dicta may not be sustained. (*Matter of Broderick* v. *City of New York,* 295 N. Y. 363, 368.) On the record presented, it was correctly decided that respondent trustee is entitled to the extra commissions provided by the statute. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.

■

MARY LANDES, Respondent, v. MAX MITCHELL, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the answer of defendant Mitchell alleges that the cause of action was released for a valuable consideration. The reply alleges that the release was obtained under false and fraudulent circumstances and that it was unconscionable. Defendant Mitchell appeals from an order denying his motion for a separate trial of the issue of release. Order reversed, with $10 costs and disbursements, and motion granted. Under the circumstances present, it was an improvident exercise of discretion for the Special Term to have denied this motion. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.