■ In the Matter of HENRY J. KNOEPFFLER, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act, transferred to this court pursuant to section 1296 of the Civil Practice Act, to review a determination of respondent suspending for a period of 60 days the operator's license of the petitioner for violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. Determination annulled, without costs. The factual basis for the determination under review was that the petitioner, driving a truck southerly on a street and approaching the intersection of that street and the highway known as Route 85 in Suffolk County, passed a traffic stop sign, which applied to vehicular traffic proceeding as the petitioner was, into the said intersection, and collided with an automobile which was then being driven easterly on the most southerly of the eastbound traffic lanes on the said highway. Route 85 is about 80 feet wide at the place in question and is divided in the middle by an island, so that petitioner's truck traversed that distance after passing the stop sign before the collision occurred. Under the circumstances here described, we find no substantial evidence to support the finding that the petitioner was guilty of gross negligence. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of BERNARD KRAM, as Administrator of the Estate of EDNA KRAM, Deceased, Respondent. BERTHA GOLDSAND, Appellant.— Appeal from a decree of the Surrogate's Court, Queens County, dated December 1, 1955, denying appellant's application to vacate a decree of said court, dated August 23, 1955 and for a new trial. Decree dated December 1, 1955 reversed, without costs, and new trial granted. The documentary evidence presently submitted is such that the interests of justice require the granting of appellant's application. (Surrogate's Ct. Act, § 20, subd. 6; *Matter of Fuller*, 227 App. Div. 801, affd. 254 N. Y. 519.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of FANNIE ORLOW, Respondent, against CHARLES ABRAMS, as State Rent Administrator, Appellant.— Appeal from an order annulling denial by the State Rent Administrator of a protest from fixation by a local rent administrator of maximum rent for a housing accommodation as one subject to control. Order reversed on the law, with $10 costs and disbursements, and proceeding dismissed. The proof before the State Rent Administrator was ample to support his determination. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.