Maximilian Moss, S.
The petitioner’s motion to confirm the report of the learned Referee is denied. The claimant-respondent’s cross motion to open his default and refer the matter back to the Referee is granted (Surrogate’s Ct. Act, § 20, subd. 6; CPLR, rule 5015). The court is satisfied that the default suffered by the respondent was not willful, deliberate or intentional.
It appears from the record that the day before the hearing, respondent’s former attorney advised the Referee that he was withdrawing from this proceeding and on the day of the hearing both respondent and his attorney failed to appear. The reason for respondent’s failure to appear was known to all parties.
Subdivision (c) of section 321 of the Civil Practice Law and Rules provides as follows: “ If an attorney dies * * * is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs.” (Emphasis supplied.) The words “ or otherwise becomes disabled ” will be construed broadly and certainly includes a condition wherein an attorney has withdrawn from the case. The disability to act is not limited to death, disbarment, suspension from practice, insanity or dismissal by the client, but also includes an attorney’s withdrawal from the case, voluntarily or by direction of the court. The failure of respondent’s former attorney to appear at the hearing and his prior advice to the Referee that he was withdrawing as respondent’s attorney, created a condition of *604 disability within the meaning of subdivision (c) of section 321 of the Civil Practice Law and Rules eo instante and all further proceedings against respondent in this proceeding were thereupon stayed or suspended until the giving of the notice therein provided. No such notice was given. The command of the statute is absolute that no further proceeding in the action shall be taken as against the party for whom the attorney has appeared (Commercial Bank v. Foltz, 13 App. Div. 603, 605; McGovern v. Suter & Co., 159 N. Y. S. 475, 476). The matter is referred back to the learned Referee for further testimony and a supplemental report.
The additional relief sought by the respondent for the examination before trial of the petitioner is likewise granted.