John D. Bennett, S.
This is an application to entertain a proceeding by the administrator to open and vacate the decree of this court dated May 4,1962, which approved the sale of the estate’s interest in real property, and the decree of this court dated December 19, 1962, approving his final accounting as administrator, and further, that an order to show cause issue to Frances Simon as to why she should not repay to the administrator all moneys in excess of $5,600 of the proceeds of the subject real property heretofore paid to her, to wit, the sum of $5,482.
The decedent died on October 15, 1960, survived by her husband and an infant daughter. The husband- was appointed administrator on December 27, 1960. The factual background, as presented by the administrator in his current petition and from the court records, is important to a determination as to whether this application lies properly within the provisions of subdivision 6 of section 20 of the Surrogate’s Court Act.
The subject real property, the former home of the decedent and the administrator, was purchased in 1952. The present petition states that u (a)t that time, Mrs. Frances Simon, mother-in-law, loaned petitioner and his late wife the sum of $5,600 for a down payment of approximately one-third on the original purchase price. In order to give security to Mrs. Simon for her loan, the deed was taken by petitioner, his late wife, and Mrs. Simon as a one-third owner.” The petition continues with “ (i)n 1956 your petitioner’s business partner went into bankruptcy. Upon the advice of (his) brother-in-law and former attorney, petitioner transferred his interest in the subject real property to his late wife and his mother-in-law, apparently to protect it from creditor’s claims. In fact there was no consideration for this transfer, and same was made without the intent to change the true equities and ownership in the property ”.
In his petition for administration verified November 30, 1960, the petitioner stated that the estate had a one-half undivided interest in the said property as a tenant in common with the decedent’s mother, Frances Simon. That on the purchase of the home the deed was taken in his name, in the decedent’s name, and in his mother-in-law’s name; and further, on February 2, 1956 he conveyed all his right, title and interest therein to Frances Simon.
By a petition verified December 12,1961, petitioner moved for an order exempting the estate from the New York State estate tax, which was granted by order dated January 3, 1962. In *556 Schedule A thereof he listed the said real property as being owned by the decedent and her mother Frances Simon as tenants in common, each possessing a 50% undivided interest therein, and recited the deed of 1952 and the deed of 1956 showing Frances Simon as a tenant in common in both. In Schedule B thereof, expenses and debts, he listed as a debt a loan from Frances Simon to the decedent dated June 10, 1960 in the sum of $1,500 and received the benefit of this along with other expenses and debts in computing the net estate for tax purposes. The petitioner signed these schedules.
The petitioner filed his petition verified March 22, 1962, requesting permission as administrator to convey the estate’s interest in this real property for the purpose of eventual distribution and in accordance with-the contract attached thereto. In the petition he recited the deeds of 1952 and 1956 showing the interest of Frances Simon as a tenant in common, and set forth the interest of Frances Simon as a 50% undivided interest therein. Frances Simon signed the contract of sale as one of the contract vendors, the other being the administrator. Frances Simon was cited and made a party to this proceeding and filed no objections thereto. An order was duly entered and the property was sold.
The administrator filed his petition for an accounting verified September 7,1962. In Schedule A the administrator listed the real property and showed the afore-mentioned deeds of 1952 and 1956 and the interest of the estate therein as being 50%, and that the property had been sold. Under Schedule D, claims paid, petitioner listed the sum of $1,500 paid to Frances Simon in payment of her loan to the decedent made on June 10, ■ 1960. The petitioner signed all schedules of the account. The order of this court settling this account was duly made as aforesaid.
In the current petition before the court, petitioner attaches a closing statement dated May 11,1962, showing the closing figures on the sale of the real property and showing the 50% of the estate’s interest at $9,582.23. From this figure he shows the estate’s share as reduced by the amount of a personal loan of the decedent paid to the Jamaica Savings Bank; by the fee of the special guardian; and by $1,500 paid Frances Simon in satisfaction of her said loan.
The petitioner now alleges that the equities of the ownership in the subject property were not properly and fully set forth; that his mother-in-law’s name was placed on the 1952 deed as security for the $5,600 she advanced toward the down pay *557 ment, and the 1956 deed was made to her without any consideration. He alleges an understanding with Mrs. Simon that on the sale of the real property, she was to be repaid her loan of $5,600 only, whereas she received 50% of the proceeds or $9,582.22, and further that he has checks to show that Mrs. Simon’s $1,500 loan had been previously repaid.
By way of explanation as to how this all came about, the petitioner states in his petition that he “is congenitally deaf and has difficulty in communication. The documents and all of the original petitions * * * were all prepared by * * * brother-in-law of your petitioner” who assured him “that everything contained therein was correct. ’ ’ He continues with “ (h)owever, either by design or unintentional error the sale of the subject real property gave to Mrs. Frances Simon, your petitioner’s mother-in-law, an unjust enrichment, in that the equities of ownership in the subject property were not correctly and truly set forth”.
The petitioner bases his request upon section 20 of the Surrogate’s Court Act, “Incidental powers of the surrogate” and specifically upon the clause in subdivision 6 which reads “ or other sufficient cause ”, following the Surrogate’s power “ (T)o open, vacate * * * or set aside * # * for fraud, newly discovered evidence, clerical error ” and cites Matter of Fuller (227 App. Div. 801).
In that case a beneficiary petitioned to reopen a decree to which he had consented. He accepted an annuity upon advice of counsel, and in ignorance of his right to elect to take the principal of the fund. The Surrogate denied his application but the Appellate Division reversed, noting the factual situation of wrong advice by counsel, and stating that “ the right to open or modify in the interests of justice is not open to question The higher court cited Matter of Henderson (157 N. Y. 423) where the executor was permitted to open his intermediate accounting in which he had made a clerical or arithmetical error and was unintentionally overcharged, and also Matter of Brennan (251 N. Y. 39), where the court refused to consider a lease, with which the parties were acquainted at the time of the decree, and which was at all times available as newly discovered evidence.
Matter of Fuller (supra) is clearly distinguishable from the matter at bar. There, as in similar situations that have been reviewed by the court, the petitioner was an outsider to the instrument or document in question, or had made a clerical error. He was the victim of the positive or negative actions of *558 others. In this case the petitioner created the situation. He executed the two deeds naming his mother-in-law as a tenant in common and, it appears, did so for his own benefit.
Furthermore, the petitioner would have the court conclude that because he is 6 £ congenitally deaf and communicates with some difficulty ” he was unaware of the contents of the four proceedings before this court which he duly verified, and of the itemized contents of the various schedules, each of which he signed. In Knight v. Kitchin (237 App. Div. 506, 511), the court said £ 1 one is bound by an instrument which he signs, and it matters not that his mind never gave assent to the terms therein expressed. If he can read, not to have read the paper is gross negligence. If he is unable to read it, it is equally negligent not to have procured it to have been read to him. In either case the writing binds him.” (Cited in Heller v. Brown, 101 N. Y. S. 2d 355; see, also, Fox Film Corp. v. Springer, 273 N. Y. 434.)
The court must presume the petitioner knew the consequences of executing the deeds, and of his repeated acts in verifying the petitions before this court in this estate. Subdivision 6 of section 20 of the Surrogate’s Court Act was not enacted to relieve a fiduciary from the consequences of his own acts except for fraud, newly discovered evidence or clerical error, or other sufficient cause. The words <£ other sufficient cause ” have been construed to mean under the maxim noscitur a sociis grounds previously mentioned in the section (Matter of Bartok, 28 Misc 2d 324, 334).
The petitioner has failed to establish any ground for vacating the two orders of this court, and the application is denied.