A. Franklin Mahoney, S.
On February 17,1965, the last will and testament of deceased was offered for probate. Five adult children of the testator appeared by attorney and moved for an examination of subscribing witnesses. Said motion was granted, as was the application of the attorney for the widow of deceased for preliminary letters testamentary pursuant to the provisions of section 153-a of the .Surrogate’s Court Act. The subscribing witnesses were examined before me on March 16,1965, and, thereafter, a series of adjournments were taken in order that the parties might explore avenues of compromise. The matter came on again on May 18, 1965, at which time counsel for the five adult children of the deceased requested permission to withdraw as attorney of record on the ground that his clients refused to follow his advice, that he had fully performed his duty to his clients and to the court and, further, that he had so advised his clients by registered mail dated May 11, 1965. The court, after reviewing the offer of compromise obtained by counsel for the children of the deceased and hearing said counsel, directed that each of the said children be advised by registered mail that their attorney was desirous of withdrawing and would move for such relief on June 8,1965. They were advised to appear either personally or by counsel on that date and, further, that the will of their father would be admitted to probate subject to the court’s approval of the account of the temporary executrix. On June 8, 1965, proof of the directed notice to testator’s children was filed, said children did not appear personally or by counsel, the account of the preliminary executrix was approved and a decree admitting the will of Louis Weinman was granted and letters testamentary issued.
Thereafter, on August 4, 1965, on application of new counsel, the County Judge, in his capacity as Acting Surrogate, signed a show cause order wherein one of testator’s children sought to have the decree of this court of June 8,1965, admitting testator’s will to probate, set aside and vacated. Pending the determination of this requested relief, the show cause order stayed, without bond, any sale of any realty which could be an asset of the estate. Since realty is the primary asset of this estate and an auction of the same had already been arranged by the executrix and, further, since the show cause relief had been obtained ex parte, counsel for the executrix moved, upon notice, for relief from the stay provision. On August 20,1965 relief was granted *168 to the extent that the portion of the August 4 order purporting to limit the authority of the executrix to sell realty was amended so as to require that a bond in the penal sum of $20,000 be posted pending the determination of the motion to vacate the decree of probate heretofore granted. Said bond was filed. Thereafter, upon stipulation of agreement between all the parties hereto, a consent order was signed amending my order of August 20 permitting and allowing the sale at public auction of all the realty in this estate and directing that the proceeds realized from such sale be deposited in an interest-bearing account subject to the further order of this court.
Against this background the petition of Robert L. Weinman, a son of the testator, supported by affidavits of all of the other children of deceased, for vacation of the decree of probate of June 8, 1965, must be considered. The genesis of his argument is to be found in CPLR 321 (subd. [c]). This section states, in substance, that no further proceeding shall be taken in any action against a party whose attorney dies, is removed, suspended or is otherwise disabled. Petitioner argues that his attorney withdrew under circumstances that permitted his father’s will to be probated while he and his brothers and sisters were unrepresented. Counsel for the executrix meets this argument by pointing out that CPLR 321 (subd. [c]) is inoperative in this matter because notice was given to the petitioner and others and, further, the long delay between probate and the commencement of this proceeding constituted abandonment on the part of those seeking relief.
In my view, under all the facts and circumstances pertaining herein, the motion to vacate the decree of probate should be granted. That a Surrogate has such authority, on sufficient cause shown, is beyond question (Surrogate’s Ct. Act, § 20, subd. 6; Matter of Fuller, 227 App. Div. 801, affd. 254 N. Y. 519).
The design and intent of former section 240 of the old Civil Practice Act was to afford litigants an opportunity to protect their interests by the employment of new counsel if, for any of the statutory reasons, original counsel could no longer act. The phrase “or otherwise becomes disabled” has generally been interpreted to cover those instances where an attorney voluntarily withdraws (Matter of Von Bargen, 40 Misc 2d 603; Thomas v. Thomas, 178 Misc. 349). Therefore, the nub of the issue in this case is whether the letter of petitioner’s original counsel dated May 11, 1965, and mailed to all of the children of the deceased and the notice directed by this court on May 18, 1965 to be given to the same distributees satisfied the statutory requirements of CPLR 321 (subd. [c]). Since the decree under *169 attack was dated June 8, 1965, simple arithmetic compels a negative answer. Neither notice was “ thirty days ” or older (CPLR 321, subd. [c]) on June 8. However, it may be argued that the age of the notice is not germane since further proceedings were had with “ leave of the court ” (CPLR 321, subd. [c]), since the court established the mechanics of the notice given to testator’s children. This argument might be meritorious if the “ leave of the court ” had been obtained by show cause order wherein it might have been established that further delay would provide undue hardship on the movant, and, at the same time, not prejudice the unrepresented party. This is not true in the case at bar because preliminary letters testamentary had already been issued to the widow.
Therefore, since the estate is substantial, the movants are the children of the deceased and, further, a consent order has already been signed permitting the sale of the realty with the proceeds being deposited under court direction, simple justice, in my view, requires that the decree of probate of testator’s will be vacated. The error, if any, was the court’s; substantive rights should not be denied because of procedural error.
The decree of June 8,1965 is vacated and letters testamentary issued pursuant to said decree are revoked.-