Joseph W. Cribb, S.
This is an application by Constance L. Baugh, a daughter of the deceased, pursuant to subdivision 6 of section 20 of the Surrogate’s Court Act to vacate the decree of December 22, 1964, admitting deceased’s will to probate. Generally, petitioner and her sisters contend that they were not adequately represented nor their interests properly protected when the will was admitted to probate.
Briefly the facts of the case reveal that the deceased’s first wife and mother of the petitioner died in July of 1961. Six daughters of whom the petitioner is one survived. In January of 1963 the deceased married Willie Lee Layne and lived with her until the time of his death on October 8, 1964. He left a will dated June 26, 1964 which was subsequently offered for probate by the named executor, attorney Angelo P. Spezzano. After the issuance of a citation returnable December 15, 1964, the matter was duly adjourned to December 22, 1964 at which time the will was admitted to probate.
*496 The deceased was approximately 76 years of age and was survived by his alleged spouse and his said six daughters of whom the petitioner is one.
Prior to the return date the petitioner and her sisters retained the services of attorney Andrew Gr. Celli of Rochester, New York and apparently advised him of many facts concerning which they wished him to question the subscribing witnesses. Attorney Celli filed formal objection to probate and a notice of appearance. By affidavit he states that he gave notice of the adjourned date of December 22 to the petitioner, but petitioner in her verified petition states that she was never advised in advance or served any notice of any kind of the adjourned date. Attorney Celli states he mailed her such notice on December 17; at the time petitioner was living in Nashville, Tennessee, or at least outside of the State of New York.
This application by petitioner together with the affidavits indicates that the deceased had suffered at least three heart attacks, had a history of diabetes, a blood clot in his leg, and that he was taken to the hospital the same day he executed his will on June 26, 1964. They also indicate that deceased’s second wife may have been dominating him to a great degree. Petitioner alleges that her attorney made only a perfunctory examination of the subscribing witnesses and, although he had been advised of all the facts concerning which it was intended he should question the witnesses, he ultimately consented to a decree of probate. In short she alleges her dissatisfaction with the attorney she originally retained and who represented her and her sisters at the hearing. The executor alleges that the petitioner has not stated grounds sufficient to enable the court to grant the relief requested and that there is no ‘1 newly discovered evidence ” to bring the proceeding within the confines of subdivision 6 of section 20 of the Surrogate’s Court Act. He further alleges that there is no reasonable possibility of success should the motion to set aside be granted and further feels that the application was made too long after date of probate.
Applications to open defaults in the Surrogate’s Court are addressed to the sound discretion of the Surrogate and the jurisdiction of a Surrogate to open defaults is not limited to eases where there is a demonstration of “ fraud, newly discovered evidence, clerical error or other sufficient cause ”. Nor is a consent to the making of the probate decree in question a bar to the present application. (Matter of McKinney, 125 N. Y. S. 2d 705.)
*497 While this court has the highest regard for attorney Angelo P. Spezzano who prepared this will there are certain unusual facts, nevertheless, concerning its drafting and execution concerning which the petitioner should have a full right of inquiry. By his affidavit, Mr. Spezzano alleges that he took the information for the drafting of the will from the deceased on June 3, 1964. He further alleges that on June 10 he entered Strong Memorial Hospital in Rochester, New York, where he was confined until July 3, 1964. While in the hospital Mr. Spezzano directed his son, Gerald B. Spezzano a public accountant, to prepare the will from the notes he had made on June 3. This his son did, submitted the proposed will to his father for approval, and subsequently with his mother went to the deceased’s home on June 26, 1964 where the execution took place, apparently prior to the deceased’s entry into a hospital on the same date. While the affidavit of a physician attending the deceased has not been included in the papers submitted to the court upon this determination it might well raise questions which should be explored at a full hearing.
A delay between probate and commencement of this proceeding does not necessarily constitute abandonment on the part of those seeking relief. (Matter of Weinman, 48 Misc 2d 166, 168.) There is law to the effect that a decree admitting a will to probate should be vacated where parties to the probate proceeding were not adequately represented. (Matter of Arnold, 125 N. Y. S. 2d 782.) While it is true, as argued by the proponents of the will that some of the testimony which might be proffered by the petitioner would be inadmissible under the so-called “ dead man’s statute ” (CPLR 4519), some of it might nevertheless be admissible or be presented by other witnesses not barred by the terms of the statute.
Since this will was made and executed during an illness of the decedent as well as that of the draftsman, the circumstances surrounding its execution must be examined with great care. A trial of the issue may, therefore, develop a question of fact for determination by the court or jury. In weighing the application this court should assume the most favorable inferences from all the facts alleged by petitioner and be liberal in passing upon the application to open the default. (Matter of McKinney,
supra.) It has been held that the background of the relationship which gave rise to the will should be adequately explored. (Matter of Weston, 15 A D 2d 410, 412.)
One further matter of interest in this case is the fact that attorney Celli apparently represented both the petitioner as *498 well as the surviving spouse because the notice of appearance filed by him so stated. It is difficult to see how he could represent both the petitioner and her sisters and their stepmother, the surviving spouse, whose interests were not compatible. (Matter of Arnold, supra, p. 785.)
The court concludes that petitioner has demonstrated facts sufficient to afford a substantial basis for a contest and reasonable probability of success. I find there was not a valid probate, and that in the interests of justice and fairness to all parties the decree herein admitting the propounded paper to probate should be vacated and set aside. The application is granted and petitioner may serve and file objections to the probate.