■ DOMLIN HAIR DESIGN, LTD., Doing Business as ENCORE HAIR GRAPHICS, Respondent, v FRANK LA DUCA, Appellant, et al., Defendant.—In an action, inter alia, to recover damages for breach of contract, the defendant Frank La Duca appeals from an order of the Supreme Court, Nassau County (Becker,

J.), entered July 14, 1986, which denied his motion to vacate a prior order of the same court, dated April 29, 1986, which directed that an inquest be held due to the defendant's default in appearing at a pretrial conference.

Ordered that the order is reversed, as a matter of discretion, the motion is granted, the order dated April 29, 1986, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

We find that the Supreme Court abused its discretion in denying the appellant's motion to be relieved of the consequences of his default in appearing at a pretrial conference.

The record reveals that the appellant's former attorney had been granted permission to withdraw from this action by order dated March 18, 1986. This order further required that the appellant appear at a pretrial conference on April 29, 1986. The appellant, however, claims that he was never advised of the withdrawal of his attorney nor did he receive notice of the court-ordered conference. Under the circumstances, we conclude that the assertion of lack of notice constitutes a valid and reasonable excuse for the appellant's failure to appear at this conference *(see,* CPLR 321 [c]; *Conlin v Spath,* 75 AD2d 1019; *Matter of Von Bargen,* 40 Misc 2d 603).

We further find that the affidavit of merit submitted by the appellant sets forth several potentially viable defenses to the plaintiff's claim that the appellant had, *inter alia,* wrongfully appropriated certain customer lists.

Accordingly, the order dated April 29, 1986, which directed that an inquest be held, is hereby vacated, and the matter is remitted to the Supreme Court, Nassau County, so that the action may be disposed of on the merits. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.